DECISION AND JOURNAL ENTRY
{¶ 1} Defendant-Appellant Robert Martin, as beneficiary of the Estate of Geraldine Cook and appearing pro se, has appealed from a decision of the Wayne County Probate Court that denied his motion for removal of the trustee and termination of the trust. As we find that this cause of action was never properly commenced, we vacate the order from which Appellant has appealed.
 I {¶ 2} The facts relevant to this case are as follows. On August 22, 2002, Geraldine R. Cook died at the age of 81 years. Her survivors included a daughter, Donna J. Waggoner, and a son, Appellant; at the time of Mrs. Cook's death, Appellant was incarcerated. Mrs. Cook died testate. The will named Mrs. Cook's daughter as the executor and bequeathed to her any interest Mrs. Cook maintained in real or personal property, in fee simple. The residue of Mrs. Cook's estate was bequeathed to Defendant-Appellee Wayne County National Bank of Wooster, as trustee without bond. The residue was to be added to a trust held under a revocable trust agreement that was executed on February 3, 1990. Under the trust agreement, Appellee was appointed as the sole administrator of the trust assets. The trust agreement further provided that upon Mrs. Cook's death, Appellant, as beneficiary, would receive fifty dollars per month during any period of time in which he was incarcerated. The trust would terminate upon Appellant's death.
 {¶ 3} After the time had passed for any party to contest the will, Appellant mailed a letter to the Wayne County Probate Court; the letter was postmarked May 16, 2003. In the letter, Appellant stated that he was the beneficiary of a trust created by his mother, Mrs. Cook. He contended that Appellee, as trustee, breached its fiduciary duty. The breach occurred, so Appellant argued, when Appellee "invest[ed] in unsecure securities without consent of the beneficiary, mail fraud, and loss of principal through unprofessional investments leading to a return of 0.72%[.]" Appellant further argued that had Appellee placed the trust funds "in a savings account it would have generated a guaranteed minimum of 1% satisfying the intent of the settlor for [Appellant's] care, comfort, and well-being * * * [.]" Appellant requested that as a result of Appellee's alleged breach the trial court should appoint a new trustee. In a letter dated May 19, 2003, the presiding probate judge replied to Appellant's letter. The trial court informed Appellant that the time to contest the will had passed and that he should consult an attorney on how to proceed with the matter under Ohio law.
 {¶ 4} On October 14, 2003, Appellant filed a motion entitled "Motion for Removal of Trustees and Termination of Trust for the Best Interests of Said Trust and to Prevent Irrepairable [sic] Harm to the Beneficiary"; Appellant named "Kitchen and Hawkins" of "Wayne County Trust Investment Division" as defendants. Appellee filed a response on November 17, 2003. In the response, Appellee explained that because Appellant styled the October 14, 2003 pleading as a "motion" rather than a "complaint," Appellee would treat the pleading as a motion and would not respond by admitting or denying any factual allegations. Appellee further argued that the trial court should dismiss the motion because: 1) it was procedurally defective, or 2) the termination of the trust would defeat the intent of the grantor. The matter was set for a hearing. In a journal entry dated December 19, 2003, the trial court noted that "[w]hile well written, the [m]otion by [Appellant] does have some procedural flaws[,]" but concluded that "a pro se litigant should be given some leeway in filings before this Court and this Court will proceed on the merits." The court denied Appellant's motion. It found that Appellee did not breach its fiduciary duty and that the trust should not terminate because "there is a spendthrift provision of the testator which the Court cannot breach without finding very unusual circumstances and a frustration of the desires of the testator. That situation does not exist in this matter."
 {¶ 5} Appellant has timely appealed, asserting one assignment of error.
 II Assignment of Error
"The trial court abused its discretion as a matter of law when it did not terminate the trust where the loss of the trust funds were the proximate cause of the trustees violating public policy breaching the prudent investors rule to exercise due care and diligence any prudent investor would exhibit to protect personal property."
 {¶ 6} In Appellant's sole assignment of error, he has argued that the trial court abused its discretion when it denied his motion for appointment of a new trustee and termination of the trust. For the following reasons, this Court disagrees.
 {¶ 7} As an initial matter, this Court notes that several issues must be resolved before we can address Appellant's arguments. First, we must determine whether the probate court had the authority, or jurisdiction, to decide the motion on its merits. Here, Appellant filed a motion for removal of trustee and termination of a trust agreement in the Wayne County probate court. Probate courts are courts of limited jurisdiction and probate proceedings are limited to such actions as are permitted by statute and the Ohio Constitution. Corron v. Corron (1988),40 Ohio St.3d 75, paragraph one of the syllabus. Pursuant to R.C.2101.24 as follows:
"(A)(1) Except as otherwise provided by law, the probate court has exclusive jurisdiction:
"* * *
"(e) To appoint and remove guardians and testamentary trustees, direct and control their conduct, and settle their accounts;
"* * *
"(m) To direct and control the conduct of fiduciaries and settle their accounts;
"(B)(1) The probate court has concurrent jurisdiction with, and the same powers at law and in equity as, the general division of the court of common pleas to issue writs and orders, and to hear and determine actions as follows:
"(a) If jurisdiction relative to a particular subject matter is stated to be concurrent in a section of the Revised Code or has been construed by judicial decision to be concurrent, any action that involves that subject matter;
"(b) Any action that involves an inter vivos trust; a trust created pursuant to [R.C. 1339.51]; a charitable trust or foundation; subject to divisions (A)(1)(u) and (z) of this section, a power of attorney, including, but not limited to, a durable power of attorney; the medical treatment of a competent adult; or a writ of habeas corpus.
"(C) The probate court has plenary power at law and in equity to dispose fully of any matter that is properly before the court, unless the power is expressly otherwise limited or denied by statute."
 {¶ 8} According to R.C. 2101.24, a probate court has jurisdiction to alter the powers of a testamentary trustee. A "testamentary trustee" is "[a] trustee appointed by or acting under a will[.]" Black's Law Dictionary, 1519 (7th ed. 1999). Appellee is not a "testamentary trustee" because it was appointed trustee via an inter vivos trust agreement. Thus, Appellee is an "inter vivos trustee," which is a trustee appointed during the lifetime of the settlor.[1] Despite the fact that Appellee is an "inter vivos trustee," the probate court had jurisdiction over the matter pursuant to R.C. 2101.24(B)(1)(b). See State exrel. Sladjoe v. Belskis (2002), 149 Ohio App.3d 190, 194.
 {¶ 9} This Court must next determine whether Appellant properly filed his motion for removal of trustee and termination of the trust. We find that although the probate court had subject matter jurisdiction to hear the matter, Appellant was required to file a separate action in probate court to remove Appellee as trustee because the trust was not created by Mrs. Cook's will, but through an inter vivos trust agreement. He could not simply file a motion in the same probate matter regarding the will. After reviewing the record before us, we find that not only did Appellant fail to file a separate action in the probate court, but he also failed to commence the action by filing a complaint pursuant to Civ.R. 3(A).
 {¶ 10} Civ.R. 3(A) provides:
"A civil action is commenced by filing a complaint with thecourt, if service is obtained within one year from such filing upon a named defendant, or upon an incorrectly named defendant whose name is later corrected pursuant to Rule 15(C), or upon a defendant identified by a fictitious name whose name is later corrected pursuant to Rule 15(D)." (Emphasis added.)
 {¶ 11} Pursuant to Civ.R. 3(A), a party must file a complaint, and obtain service within one year from filing the complaint, in order to initiate civil proceedings. See, also,Guerro v. C.H.P. Inc. (Aug. 16, 2001), 8th Dist. No. 78484, 2001 Ohio App. LEXIS 3603, at *6. "The very purpose of these procedural requirements is to give a defendant prejudgment notice and opportunity to be heard[.]" L M Properties Co. v. Shanker
(Dec. 30, 1994), 11th Dist. No. 93-G-1827, 1994 Ohio App. LEXIS 5971, at *13, dismissed (1995), 71 Ohio St.3d 1497.
 {¶ 12} For the purposes of Civ.R. 3(A), the filing of a motion cannot substitute for the filing of a complaint. The Second Appellate District Court has explained that "Civ.R. 7 distinguishes a pleading from a motion. `Under Civ.R. 7(A), only complaints, answers and replies constitute pleadings.'" (Emphasis original.) State v. Wilkins (1998),127 Ohio App.3d 306, 310, dismissed (1999),85 Ohio St.3d 1213, quoting State ex rel. Hansonv. Guernsey Cnty. Comrs. (1992), 65 Ohio St.3d 545,549. A complaint is a pleading that need only contain a short and plain statement of the claim showing that the party is entitled to relief. Civ.R. 8(A)(1). Where as a "motion" is defined as an application to the court for an order. Civ.R. 7(B)(1). A motion is not a pleading. State Edison Co. v. Oehler (Oct. 4, 1995), 9th Dist. No. 17167, at 9, appeal not allowed (1996),75 Ohio St.3d 1405. Thus, in the context of this case, a party cannot initiate an action by filing a motion. See Civ.R. 7(A) (stating that the only pleadings allowed to be filed with the court are: a complaint, an answer, a reply to a counterclaim, an answer to a cross-claim, a third-party complaint, a third-party answer, or a court-ordered reply to an answer or third-party answer).
 {¶ 13} Assuming, without deciding whether Appellee was the proper party to the action or whether Appellant had standing to challenge the appointment of the trustee, we find that the trial court erred in deciding Appellant's motion on the merits. The trial court ruled on a motion when there was no pending action before it; Appellant's motion was insufficient to invoke the trial court's jurisdiction. Appellant, pursuant to Civ.R. 3(A), should have filed a complaint requesting the removal of Appellee as trustee. By failing to comply with Civ.R. 3(A), Appellant could not request the court to take any action regarding the removal of the trustee or the termination of the trust.
 {¶ 14} We are mindful of the fact that pro se litigants are generally afforded reasonable leeway when proceeding sans attorney and that, "whenever possible, pro se complaints and motions should be liberally construed and decided on the merits rather than dismissed on technicalities." Hankins v. AdeccoServs. (Nov. 20, 2001), 3rd Dist. No. 17-01-13, 2001 Ohio App. LEXIS 5167, at *10. However, it has long been the position of this Court that, "`[a] party has a right to represent himself, but if he does so, he is subject to the same rules and procedures as litigants with counsel.'" (Citations omitted; alterations original.) Copeland v. Rosario (Jan. 28, 1998), 9th Dist. No. 18452, at 6; see, also, Meyers v. First National Bank (1981),3 Ohio App.3d 209, 210. "Pro se litigants are not to be accorded greater rights and must accept the results of their own mistakes." Harris v. Housing Appeals Bd., 9th Dist. No. 21197, 2003-Ohio-724, at ¶ 11, citing Sinsky v. Matthews (Dec. 12, 2001), 9th Dist. No. 20499. Thus, trial courts should be careful to remember that pro se litigants are to be held to the same standard as all other litigants. See Erie Ins. Co. v. Bell, 4th Dist. No. 01CA12, 2002-Ohio-6139.
 {¶ 15} In Erie, a pro se defendant filed an answer to a complaint that lacked a certificate of service, a violation of Civ.R. 5(A). The trial court, despite the defendant's failure to comply with Civ.R 5(A), treated the answer as properly served upon the plaintiffs. The plaintiffs filed a motion for default judgment in which they argued that the defendant's answer did not comport with Civ.R. 5(A). The trial court denied this motion. A trial was held and the trial court found in favor of the defendant. The plaintiff appealed. The issue before the appellate court was whether "[b]ecause [the defendant's] Answer did not comply with Civ.R. 5(A)[,] * * * the [trial court] erred by considering it." (Alterations sic.) Erie, 2002-Ohio-6139, at ¶ 21. The Erie court found that the defendant's answer did not comply with Civ.R. 5(A) because the answer did not contain a certificate of service. Id. at ¶ 24. The Erie court concluded that because the defendant's answer lacked a certificate of service, and one was never filed with the trial court, the trial court could not have properly considered the defendant's answer. Id. at ¶ 25. As a result, the Erie court held that the trial court erred in proceeding to trial on the merits. Id. at ¶ 29.
 {¶ 16} This Court, like the court in Erie, will not waive the requirements imposed by the Civil Rules of Procedure simply because one of the litigants is proceeding pro se. The trial court also did not have the authority to waive the requirements of Civ.R. 3(A) and thus, it did not have the authority to rule on Appellant's motion. Consequently, we find that the trial court erred in ruling on Appellant's motion. Because this Court finds that the trial court lacked jurisdiction to consider Appellant's motion, we find that the trial court's December 19, 2003 order is rendered a nullity and is void ab inito. See Patton v. Diemer
(1988), 35 Ohio St.3d 68 (holding that a judgment rendered by a court that lacks jurisdiction is void ab inito). Consequently, Appellant's assignment of error is not well taken.
 III {¶ 17} Appellant's sole assignment of error is overruled. The judgment of the trial court is vacated.
Judgment vacated.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Batchelder, J., concurs.
Slaby, J., concurs in Judgment only.
[1] An "inter vivos trust" is defined as "[a] trust that is created during the lifetime of settler and to be come effective in his lifetime as contrasted with a testamentary trust which takes effect at death of settler or testator." Black's Law Dictionary, 821 (6th Ed. 1990). Thus, an "inter vivos trustee" is one appointed during the lifetime of the settlor.