DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Plaintiff/Appellant, First Resolution Investment Corp. ("FRIC"), appeals a decision vacating default judgment against Defendant/Appellee, Chadan Salem, by the Akron Municipal Court. We reverse and remand.
 {¶ 2} On June 18, 2007, FRIC filed a complaint against Salem for monies due and owing on a credit card account originally held by CitiBank, but which had been assigned to FRIC. Certified mail service of the complaint failed but Salem was served by regular mail on July 13, 2007. Salem did not answer the *Page 2 
complaint, causing FRIC to file a motion for default judgment on August 29, 2007, which was granted on the same day. On October 30, 2007, FRIC sought to enforce its judgment by garnishment of Salem's wages. In response thereto, Salem appeared pro se and filed a request for a hearing on November 15, 2007.
FRIC waived its appearance at the garnishment hearing, which was held on December 5, 2007, during which Salem challenged the default judgment and was advised by the trial court to file a motion to vacate pursuant to Civ.R. 60(B). The trial court then continued the garnishment hearing for 30 days to allow Salem time to file his 60(B) motion, which Salem filed on December 19, 2007. The trial court granted Salem's motion on December 21, 2007, and set the matter for pretrial and trial ("Vacate Entry"). FRIC failed to appear at the pretrial on January 7, 2008, and its case was dismissed on January 8, 2008, pursuant to Civ.R. 41(B) ("Dismissal Entry").
 {¶ 3} FRIC timely appealed the Vacate Entry and raises two assignments of error.
 Assignment of Error No. 1 "The trial court erred in granting [Salem's] motion for relief from judgment where said motion was not served upon [FRIC's] counsel and did not have a proof of service endorsed thereon."
 {¶ 4} FRIC asserts that the trial court erred in considering and granting Salem's motion to vacate judgment where the motion was not properly served pursuant to Civ.R. 5(D). We note that Salem failed to file an appellate brief. *Page 3 
Therefore, "[pursuant to App.R. 18(C), this court may accept [FRIC's] statement of the facts and issues as presented in [its] brief as correct and reverse the judgment of the trial court if [FRIC's] brief reasonably appears to sustain such action." Bank of New York v. Smith, 9th Dist. No. 21534, 2003-Ohio-4633, at ¶ 2.
 {¶ 5} The question of whether relief should be granted is within the sound discretion of the trial court. Griffey v. Rajan (1987),33 Ohio St.3d 75, 77. This Court, therefore, will not reverse the trial court's decision absent an abuse of discretion. See Kay v. Marc Glassman,Inc. (1996), 76 Ohio St.3d 18, 19-20. The phrase "abuse of discretion" connotes more than an error of judgment; rather, it implies that the trial court's attitude was arbitrary, unreasonable, or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St .3d 217, 219. When applying the abuse of discretion standard, this court may not substitute its judgment for that of the trial court. Pons v. Ohio State Med. Bd, (1993),66 Ohio St.3d 619, 621.
 {¶ 6} Civ.R. 5(D) states that "[p]apers filed with the court shall not be considered until proof of service is endorsed thereon or separately filed. The proof of service shall state the date and manner of service and shall be signed in accordance with Civ. R. 11.
 {¶ 7} Salem's motion for relief from judgment did not contain a certificate of service or any indication that service of the motion was made upon FRIC. "A party has a right to represent himself, but if he does so, he is subject to the same *Page 4 
rules and procedures as litigants with counsel." Ragan v. Akron PoliceDept. (Jan. 19, 1994), 9th Dist. No. 16200, at *3, citing Ohio SavingsBank v. Sabatino (July 7, 1993), Ninth Dist. No. 15991. As we stated inMartin v. Wayne Cty. Natl. Bank, 9th Dist. No. 03CA0079, 2004-Ohio-4194, "`[p]ro se litigants are not to be a[ff]orded greater rights and must accept the results of their own mistakes.' Harris v. Housing AppealsBd., 9th Dist. No. 21197, 2003-Ohio-724, at ¶ 11, citing Sinsky v.Matthews (Dec. 12, 2001), 9th Dist. No. 20499. Thus, trial courts should be careful to remember that pro se litigants are to be held to the same standard as all other litigants. See Erie Ins. Co. v. Bell, 4th Dist. No. 01CA12, 2002-Ohio-6139." Martin at ¶ 14. We set forth the facts ofErie in Martin and stated:
 "In Erie, a pro se defendant filed an answer to a complaint that lacked a certificate of service, a violation of Civ.R. 5(A). The trial court, despite the defendant's failure to comply with Civ.R 5(A), treated the answer as properly served upon the plaintiffs. The plaintiffs filed a motion for default judgment in which they argued that the defendant's answer did not comport with Civ.R. 5(A). The trial court denied this motion. A trial was held and the trial court found in favor of the defendant. The plaintiff appealed. The issue before the appellate court was whether `[b]ecause [the defendant's] Answer did not comply with Civ.R. 5(A) [,] * * * the [trial court] erred by considering it.' (Alterations sic.) Erie, 2002-Ohio-6139, at ¶ 21. The Erie court found that the defendant's answer did not comply with Civ.R. 5(A) because the answer did not contain a certificate of service. Id. at ¶ 24. The Erie court concluded that because the defendant's answer lacked a certificate of service, and one was never filed with the trial court, the trial court could not have properly considered the defendant's answer. Id. at ¶ 25. As a result, the Erie court held that the trial court erred in proceeding to trial on the merits. Id. at ¶ 29." Martin at ¶ 15. *Page 5 
See, also, Schmuck v. Schmuck, 8th Dist. No. 85793, 85864,2005-Ohio-6357, at ¶ 9 (holding that trial "court properly ignored appellant's answer because it lacked a proof of service"); O'Brien v.Citicorp Mort., Inc. (Feb. 24, 1994), 10th Dist. No. 93AP-1074, at *4 (holding that amended complaint not properly before the trial court where it failed to contain a certificate of service as required by Civ.R. 5(D)); Nosal v. Szabo, 8th Dist. No. 83974, 83975,2004-Ohio-4076, at ¶ 21 (holding that "where there is no proof of service either attached to the filing or separately filed with the trial court, the trial court simply may not consider the filing"); Watson v.Cedardale Homes, (NC) Inc. (Aug. 20, 1993), 4th Dist. No. 92-CAE-11040, at *2 (holding that the trial court erroneously considered a motion for default where the motion contained "no certificate or proof of service"); Ruper v. Smith (1983), 12 Ohio App.3d 44, 45 (finding "exception" to an arbitrators' report not properly before the court because motion failed to indicate proper service per Civ.R. 5(D)).
 {¶ 8} Although this Court has never specifically addressed whether a trial court may consider a motion filed by a pro se litigant that failed to contain a certificate of service as required by Civ.R. 5 (D), the language of the Civil Rules is mandatory in this regard. Moreover, we find the holdings of the other districts cited above and the reasoning of the Fourth District Court of Appeals in Erie to be persuasive, reasonable, and applicable to the instant matter. Accordingly, Salem's motion to vacate the default judgment was not properly before the trial court and *Page 6 
the trial court improperly granted the motion thereby vacating the default judgment.
 {¶ 9} FRIC's first assignment of error is sustained.
 Assignment of Error No. 2 "The trial court erred by granting [Salem's] motion for relief from judgment where [Salem] did not introduce any admissible evidence indicting grounds for relief under Civil Rule 60(B)(1)-(5) and no evidentiary hearing was conducted."
 {¶ 10} In its second assignment of error, FRIC argues that the trial court improperly granted Salem's motion for relief from judgment absent evidence required by Civ.R. 60(B). Based upon our resolution of FRIC's first assignment of error, this assignment of error is moot and we decline to address it. See App.R. 12(A)(1)(c).
 {¶ 11} FRIC's first assignment of error is sustained and this matter is remanded for proceedings consistent with this opinion. FRIC's second assignment of error is moot. We note that because the trial court improperly considered the motion for relief from judgment, the default judgment against Salem remains and the trial court's judgment dismissing FRIC's claims pursuant to Civ.R. 41(B)(1) on January 8, 2008, was improperly entered.
Judgment reversed, and cause remanded.
 The Court finds that there were reasonable grounds for this appeal. *Page 7 
We order that a special mandate issue out of this Court, directing the Akron Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellee.
WHITMORE, J. CONCURS
DICKINSON, J. CONCURS, SAYING:
 {¶ 12} The issue presented by First Resolution's first assignment of error is whether Mr. Salem failed to do something that Rule 5(D) of the Ohio Rules of Civil Procedure, as a matter of law, required him to do in order to be potentially entitled to relief from judgment. This is a question of law, and, therefore, this Court's standard of review is de novo. See, e.g., George Ford Constr. v. Hissong, *Page 8 
9th Dist. No. 22756, 2006-Ohio-919, at ¶ 6. Inasmuch as Mr. Salem did not do what Rule 5(D) required him to do, First Resolution's first assignment of error must be sustained. His second assignment of error is moot. Accordingly, I concur in the majority's judgment. *Page 1