OPINION *Page 2 
{¶ 1} Plaintiff-appellant James Snedden, Jr. appeals the April 14, 2008 Judgment Entry of the Licking County Court of Common Pleas entering summary judgment in favor of Defendant-appellees Christopher T. Carpenter and Monica A. Carpenter.
 STATEMENT OF THE FACTS AND CASE {¶ 2} This matter arises out of a property line dispute between the parties over the construction of a fence. In 2005, Appellant constructed a fence near the boundary of his and Appellees' property. As a result, Appellees retained the services of Kevin Blaine, a registered surveyor, to survey the property. Blaine concluded the fence encroached on Appellees' property at several locations.
 {¶ 3} On July 5, 2007, Appellees requested Appellant remove those parts of the fence encroaching upon their property. Appellees informed Appellant they would construct a boundary fence and remove any part of Appellant's fence encroaching on their property, should he refuse to remove the fence himself.
 {¶ 4} Appellant then filed the within action requesting the trial court enjoin Appellees from removing his fence, and further requesting the trial court determine the location of the boundary between the parties' property.
 {¶ 5} On February 8, 2008, Appellees filed a motion for summary judgment supported by affidavits. Appellant filed various responsive pleadings. Via Judgment Entry of April 14, 2008, the trial court entered summary judgment in favor of Appellees.
 {¶ 6} Appellant now appeals, assigning as error: *Page 3 
 {¶ 7} "I. THE COURT ERRED BY NOT REMOVING BLAINE'S SURVEY AND AFFIDAVIT AFTER APPELLANT FILED MOTION TO REMOVE BECAUSE THE SURVEY WAS OBTAINED BY TRESPASSING.
 {¶ 8} "II. THE COURT ERRED BY NOT RECOGNIZING THERE WERE MULTIPLE CENTERLINES INDICATED FOR THE EXISTING ROADS.
 {¶ 9} "III. THE COURT ERRED BY NOT RECOGNIZING THE OVERLAP IN THE CENTERLINE OF THE ROADS DESCRIBED BY KENNETH C. VARNER PLAT AND THE DEED OF APPELLANT. THIS OVERLAP IS A DIFFERENCE OF 19' MINS 59" SECS.
 {¶ 10} "IV. THE COURT ERRED BY NOT RECOGNIZING AFFIDAVIT'S [SIC] PICTURES, DRAWING, AND SHERIFF'S REPORT OF APPELLANT'S PROPERTY LINE.
 {¶ 11} "V. THE COURT ERRED BY NOT RECOGNIZING THAT THE AFFIDAVIT'S [SIC], PICTURE, AND DRAWING OF THE LOCATION OF THE CENTERLINE OF GRACELAND LANE IS NOT IN ACCORDANCE TO BLAINE'S AND J.V. HALL'S SURVEY.
 {¶ 12} "VI. THE COURT ERRED BY NOT RECOGNIZING MEASUREMENT SPECIFICATIONS.
 {¶ 13} "VII. THE COURT ERRED BY NOT RECOGNIZING THE LETTER FROM STATE BOARD OF REGISTRATION FOR PROFESSIONAL ENGINEERS AND SURVEYORS.
 {¶ 14} "VIII. THE COURT ERRED IN NOT RECOGNIZING APPELLEE'S LETTER OF THREAT TO REMOVE APPELLANT'S FENCE. *Page 4 
 {¶ 15} "IX. THE COURT ERRED IN NOT RECOGNIZING BLAINE'S AND J.V. HALL'S PLATS WERE INCOMPLETE."
 {¶ 16} Initially, this Court notes Appellant's brief does not comply with the rules for a proper brief set forth in App. R. 16(A). Appellant, as the party asserting an error in the trial court, bears the burden to demonstrate error by reference to matters made part of the record in the court of appeals. Knapp v. Edwards Laboratories (1980),61 Ohio St.2d 197, 199, 400 N.E.2d 384; App. R. 9(B). More specifically, App. R. 16(A)(7) requires the Appellant include in his brief an argument containing his contentions with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which Appellant relies. An appellate court is empowered to disregard an assignment of error presented for review due to lack of briefing by the party presenting that assignment. State v. Watson (1998),126 Ohio App.3d 316, 321.
 {¶ 17} We also note pro se litigants should be granted reasonable leeway such that their motions and pleadings should be liberally construed so as to decide the issues on the merits, as opposed to technicalities. Martin v. Wayne Cty. Natl. Bank, 2004-Ohio-4194, at ¶ 14. However, a pro se litigant is presumed to have knowledge of the law and correct legal procedures so that he remains subject to the same rules and procedures to which represented litigants are bound.Kilroy v. B.H. Lakeshore Co. (1996), 111 Ohio App.3d 357, 363,676 N.E.2d 171. He is not given greater rights than represented parties, and must bear the consequences of his mistakes. Sinsky v. Matthews (Dec. 12, 2001), 9th Dist. No. 20499, at 5. This Court, therefore, must hold Appellant to the same standard as any represented party. *Page 5 
 {¶ 18} Upon review of Appellant's brief, Appellant sets forth nine assignments of error. Appellant's "Statement of Facts" states, in part:
 {¶ 19} "Appellate court case was filed in Licking County Common Pleas Court over Encroachment. Property line pins on the northeast corner, center pin, southeast property line were moved from their locations after construction of the fence. Also survey was not conducted from center of Graceland Lane Rd. as tax map demonstrates.
 {¶ 20} "1. Appellant dismissed attorney supported by letter to the court (Exh A) Appellant's attorney filed motion to withdraw. (Exh B)
 {¶ 21} "2. This case is based on survey and affidavit by Kevin Blaine. (C, 1, 2) (R.C. 4733-37-02)(A)(B) (R.C. 4733-37-04)(C). (R.C. 4733.37-37-05) (A)(C)(3)(4)(6)(a)(c)
 {¶ 22} "3. Plaintiff filed Motion to Remove Blaine's survey and affidavits (Exh D) Blaine entered onto appellant's parcel to place wooden stakes and monuments even though appellant's property is posted "No Trespassing". . . (R.C.) 2911.21)(A)(1)(D)(E).
 {¶ 23} The "Statement of Facts" proceeds to list various exhibits, but does not state whether said exhibits have been made part of the record or where the same can be found in the record. The argument portion of the brief summarily addresses the assigned errors with vague citation to federal and state statutes and disjointed and incomprehensible rationale in support of his contentions. Appellant's "Argument" is conclusory and fails to set forth a comprehensible rationale to support each separate *Page 6 
assignment of error.[1] In conclusion, Appellant's brief is without sufficient coherent structure to enable this Court to determine the relevancy of the citations and reference to the record. Rather, Appellant merely argues the trial court erred in not viewing the evidence he offered as persuasive without any clear argument why the court committed the alleged error. This court cannot and will not restructure or fashion Appellant's arguments for him. However, in the interests of justice and finality, we note the following general observation with respect to the issues raised in Appellant's appeal.
 I, II, III, IV, V, VI, VII, VIII, IX {¶ 24} We shall address Appellant's errors simultaneously. In each of Appellant's assignments of error, he challenges the trial court's entering summary judgment in favor of Appellees. Specifically, Appellant argues the trial court improperly relied on the affidavit of Kevin Blaine, a registered surveyor, in granting summary judgment in favor of Appellees. Mr. Blaine determined the fence erected by Appellant did encroach on the property boundary at several locations.
 {¶ 25} Civ. R. 56 states in pertinent part:
 {¶ 26} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable *Page 7 
minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages."
 {¶ 27} A trial court should not enter a summary judgment if it appears a material fact is genuinely disputed, nor if, construing the allegations most favorably towards the non-moving party, reasonable minds could draw different conclusions from the undisputed facts.Houndshell v. American States Insurance Company (1981),67 Ohio St.2d 427. The court may not resolve ambiguities in the evidence presented.Inland Refuse Transfer Company v. Browning-Ferris Industries of Ohio,Inc. (1984), 15 Ohio St.3d 321. A fact is material if it affects the outcome of the case under the applicable substantive law. Russell v.Interim Personnel, Inc. (1999), 135 Ohio App.3d 301.
 {¶ 28} When reviewing a trial court's decision to grant summary judgment, an appellate court applies the same standard used by the trial court. Smiddy v. The Wedding Party, Inc. (1987), 30 Ohio St.3d 35. This means we review the matter de novo. Doe v. Shaffer, 90 Ohio St.3d 388,2000-Ohio-186.
 {¶ 29} The party moving for summary judgment bears the initial burden of informing the trial court of the basis of the motion and identifying the portions of the record which demonstrate the absence of a genuine issue of fact on a material element of the non-moving party's claim.Drescher v. Burt (1996), 75 Ohio St.3d 280. Once the moving party meets its initial burden, the burden shifts to the non-moving party to set forth specific facts demonstrating a genuine issue of material fact does exist. Id. The *Page 8 
non-moving party may not rest upon the allegations and denials in the pleadings, but instead must submit some evidentiary material showing a genuine dispute over material facts. Henkle v. Henkle (1991),75 Ohio App.3d 732.
 {¶ 30} Appellees argued in their motion for summary judgment Appellant did not have evidence establishing the location of the property boundary line. Appellees offered the affidavits of registered surveyor Kevin Blaine and Appellee C. Todd Carpenter in support of their motion. The burden then shifted to Appellant to present evidentiary quality material to establish a genuine issue of material fact existed to rebut Appellees' evidence. Appellant in response submitted various affidavits, drawings and reports, but did not offer evidence as to the specific location of the boundary line between the parties' properties.
 {¶ 31} We will assume arguendo, Appellant's various exhibits were proper;[2] notwithstanding, we agree with the trial court Appellant has failed to submit evidentiary material demonstrating a genuine issue of material fact exits relative to the property boundary. Noteworthy is the fact Appellant failed to present expert testimony demonstrating where the property boundary line is. *Page 9 
 {¶ 32} Appellant's assigned errors are overruled, and the April 14, 2008 Judgment Entry of the Licking County Court of Common Pleas is affirmed.
Hoffman, J., Farmer, P.J. and Gwin, J., concur. *Page 10 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the April 14, 2008 Judgment Entry of the Licking County Court of Common Pleas is affirmed. Costs to Appellant.
[1] A copy of Appellant's entire "Argument" section of his brief is attached to this opinion and incorporated by reference.
[2] In their brief to this Court, Appellees challenge whether all or parts of the affidavits submitted by Appellant meet the requirements of Civ. R. 56. *Page 1