[Cite as *Pla v. Wivell*, 2011-Ohio-5637.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| FRANK J. PLA | C.A. No. 25814 |
|---|---|
| Appellant | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| CARRIE A. WIVELL | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellee | CASE No. 2009-02-0420 |

DECISION AND JOURNAL ENTRY

Dated: November 2, 2011

WHITMORE, Judge.

{¶1} Plaintiff-Appellant, Frank Pla ("Father"), appeals from the decision of the Summit County Court of Common Pleas, Domestic Relations Division, denying his motion to set aside a magistrate's order. This Court reverses.

I

{¶2} On February 11, 2009, Father filed a complaint against Carrie Ann Wivell ("Mother") to establish a parent child relationship with their only daughter, born February 10, 2009. The court initially awarded emergency temporary custody to Father, but later awarded emergency custody to Mother. A custody battle ensued wherein both parties accused each other of drug abuse, domestic violence, and an inability to care for their child. The court held a hearing on May 14, 2009 after Father challenged its decision to give Mother temporary custody. One of the witnesses to testify at the hearing was Attorney Jorge Pla, Father's brother. The trial

court ultimately determined that Father's witnesses, including Pla, were "obviously biased" against Mother and that temporary custody of the child should remain with Mother.

{¶3}   In June 2010, Pla entered a notice of appearance to act as Father's counsel, along with another attorney from his law firm.  In early October 2010, Mother's counsel of record withdrew.  Mother then filed a pro se motion to have Pla removed as Father's attorney due to a conflict of interest.  Father moved to strike Mother's motion on the basis that she failed to serve the motion, pursuant to Civ.R. 5.  He also filed a memorandum in opposition to Mother's motion to disqualify, addressing the merits of her motion.  Mother responded to Father's motion, but never corrected the defect in service.  Father later filed another motion to strike, requesting that the court strike Mother's motion and response as she never perfected service upon him.

{¶4}   On December 6, 2010, a magistrate issued an order, pursuant to Civ.R. 53(D)(2), granting Mother's motion to disqualify Pla as Father's counsel.  Father filed a motion to set aside the magistrate's order.  Subsequently, the parties signed an agreed order, which named Father the custodial parent and set forth a visitation schedule.  On January 5, 2011, the trial court denied Father's motion to set aside the magistrate's order.  Specifically, the court overruled Father's objections to the order and dismissed them as moot, given that the parties had filed an agreed entry resolving all the pending issues.

{¶5}   Father now appeals, challenging the decision to disqualify his counsel.  He raises four assignments of error for our review.  For ease of analysis, we rearrange and consolidate several of the assignments of error.

II

Assignment of Error Number Four

"THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT OVERRULED AND DIMISSED (sic) ATTORNEY JORGE LUIS PLA'S OBJECTIONS TO DISQUALIFICATION AS MOOT."

{¶6} In his fourth assignment of error, Father argues that the trial court erred by determining that his objections to Pla's disqualification were moot. We agree.

{¶7} "The issue of mootness is a question of law; therefore, we review the trial court's decision finding the instant matter moot under the de novo standard of review." *Harris v. Akron*, 9th Dist. No. 24499, 2009-Ohio-3865, at ¶6, quoting *Poulson v. Wooster City Planning Comm.*, 9th Dist. No. 04CA0077, 2005-Ohio-2976, at ¶5. "A de novo review requires an independent review of the trial court's decision without any deference to the trial court's determination." *State v. Baumeister*, 9th Dist. No. 23805, 2008-Ohio-110, at ¶4.

{¶8} "Actions or opinions are described as 'moot' when they are or have become fictitious, colorable, hypothetical, academic or dead. The distinguishing characteristic of such issues is that they involve no actual, genuine, live controversy, the decision of which can definitely affect existing legal relations." *Rice v. Flynn*, 9th Dist. No. 22416, 2005-Ohio-4667, at ¶23, quoting *Culver v. Warren* (1948), 84 Ohio App. 373, 393. Accordingly, mootness depends upon the absence of a live or actual controversy and the inability of a court to afford relief to a party on the issue before it. *Akron Dev. Fund I, Ltd. v. Advanced Coatings Internatl., Inc.*, 9th Dist. No. 25375, 2011-Ohio-3277, at ¶25-29.

{¶9} Initially, we note that an order granting a motion to disqualify opposing counsel in a special proceeding of divorce is a final, appealable order from which an aggrieved party may seek immediate relief. *Wilhelm-Kissinger v. Kissinger*, 129 Ohio St.3d 90, 2011-Ohio-2317, at

¶8-10. The Ohio Supreme Court has determined that such an order affects a substantial right and "cannot be effectively reviewed after final judgment." *Russell v. Mercy Hosp.* (1984), 15 Ohio St.3d 37, 39. As such, the fact that other matters are pending does not detract from the finality of the disqualification ruling itself. See id.

{¶10} The trial court concluded that Father's objections were moot because the parties had resolved all pending issues by way of an agreed entry. The agreed entry, however, does not address all of Father's requests for relief. For instance, it does not speak to the issues of child support or health insurance coverage for the child. The record also reflects that in the short time period from the date of the trial court's ruling to the filing of Father's notice of appeal alone, Mother had already filed numerous motions on a variety of bases. The trial court's ruling deprives Father of his interest in responding to these outstanding matters through his counsel of choice. See *Russell*, 15 Ohio St.3d at 40. Thus, we cannot agree with the trial court's determination that no actual controversy exists or that it would not be possible to afford Father some measure of relief. See *Rice* at ¶23.

{¶11} The trial court here incorrectly determined that Father's objections to his counsel's disqualification were moot. Compare *Wear v. Johnson*, 5th Dist. No. 04CA33, 2005-Ohio-2062, at ¶7-12 (concluding appeal from motion to disqualify was moot when sole issue of child support had been decided and no pending case or controversy existed); *Othman v. Heritage Mut. Ins. Co.*, 1st Dist. No. C-030880, 2004-Ohio-4361, at ¶17 (noting that if plaintiffs "win their case on the merits, the issue of the disqualification of [the defendant's] attorneys *** will be moot"). The remaining issue is whether that error was harmless, such that it could not serve as a basis for reversal. See Civ.R. 61. As set forth below, Father set forth a meritorious

argument regarding service. The trial court's error, therefore, was not harmless. Father's fourth assignment of error is sustained.

Assignment of Error Number One

> "THE TRIAL COURT ERRED IN GRANTING MOTHER'S MOTION TO REMOVE ATTORNEY JORGE L. PLA BECAUSE MOTHER FAILED TO PROPERLY SERVE HER MOTION AND RESPONSE UPON FATHER OR ATTORNEY PLA."

{¶12} In his first assignment of error, Father argues that the court erred by failing to set aside the magistrate's order, granting Mother's motion to disqualify Father's counsel. Specifically, Father argues that Mother's motion could not be considered because Mother failed to serve the motion upon Father. We agree.

{¶13} Initially, we note that Mother did not file a responsive brief on appeal. As such, this Court may "accept [Father's] statement of the facts and issues as correct and reverse the judgment if [his] brief reasonably appears to sustain such action." App.R. 18(C). We further note that Mother was acting in a pro se capacity at the time she filed her motion to disqualify Father's attorney. Although a pro se litigant "should be granted reasonable leeway," she is "presumed to have knowledge of the law and correct legal procedures so that [she] remains subject to the same rules and procedures to which represented litigants are bound." *Sherlock v. Myers*, 9th Dist. No. 22071, 2004-Ohio-5178, at ¶3. This Court has recognized that the language of the Civil Rules regarding service of process is mandatory, and, even in the context of a pro se litigant, a trial court may not consider a motion if the motion failed to comply with the rules regarding service of process. *First Resolution Invest. Corp. v. Salem*, 9th Dist. No. 24049, 2008-Ohio-2527, at ¶6-8.

**{¶14}** Civ.R. 5(A) requires all written motions, other than those that may be heard ex parte, to be served upon each of the parties to the litigation. The rule further provides, in relevant part, as follows:

> "All papers, after the complaint, required to be served upon a party shall be filed with the court within three days after service[.] *** Papers filed with the court shall not be considered until proof of service is endorsed thereon or separately filed. The proof of service shall state the date and manner of service and shall be signed in accordance with Civ.R. 11." Civ.R. 5(D).

"[P]roper service under the civil rules is mandatory[.]" *Peroz v. Nagel*, 9th Dist. No. 21437, 2003-Ohio-6584, at ¶10, quoting *Jackson v. Davenport* (June 22, 1994), 2d Dist. No. 93CA75, at *2.

**{¶15}** The record reflects that Mother filed her motion to disqualify without a certificate of service. She never corrected the defect in service, and her motion was not styled as an ex parte one. See *Fischer v. Rings*, 9th Dist. No. 24545, 2009-Ohio-5538, at ¶12. Because Mother filed her motion without the necessary certificate of service required under Civ.R. 5(D), the magistrate could not consider her motion. Id. Accordingly, the magistrate erred by granting Mother's motion to disqualify, and the trial court erred by refusing to set aside the magistrate's order. Father's first assignment of error is sustained.

<u>Assignment of Error Number Two</u>

> "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT GRANTED MOTHER'S MOTION TO DISQUALIFY FATHER'S ATTORNEY JORGE LUIS PLA BECAUSE ATTORNEY PLA WAS NOT AN ESSENTIAL OR NECESSARY WITNESS."

<u>Assignment of Error Number Three</u>

> "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT GRANTED MOTHER'S MOTION TO DISQUALIFY FATHER'S ATTORNEY JORGE LUIS PLA BECAUSE MOTHER FAILED TO ESTABLISH A CONFLICT OF INTEREST EXISTED."

**{¶16}** In his remaining assignments of error, Father addresses the merits of the lower court's decision to disqualify his counsel, arguing that his counsel was not an essential or necessary witness and that no conflict of interest exists. Based on our resolution of Father's other assignments of error, his second and third assignments of error are moot and we decline to address them. App.R. 12(A)(1)(c).

### III

**{¶17}** Father's first and fourth assignments of error are sustained. His remaining assignments of error are moot. The judgment of the Summit County Court of Common Pleas, Domestic Relations Division, is reversed, and the cause is remanded for further proceedings consistent with the foregoing opinion.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

_____
BETH WHITMORE
FOR THE COURT


BELFANCE, P.J.
DICKINSON, J.
CONCUR

APPEARANCES:

JORGE LUIS PLA, Attorney at Law, for Appellant.

CARRIE WIVELL, pro se, Appellee.