[Cite as *Bozsik v. West*, 2017-Ohio-7781.]

STATE OF OHIO      )            IN THE COURT OF APPEALS

                        )ss:        NINTH JUDICIAL DISTRICT

COUNTY OF LORAIN      )

STEVEN A. BOZSIK                      C.A. No.       16CA010924

       Appellant

       v.                               APPEAL FROM JUDGMENT

                                        ENTERED IN THE

TIMOTHY WEST, et al.             COURT OF COMMON PLEAS

                                        COUNTY OF LORAIN, OHIO

       Appellees                   CASE No.      15CV186625

DECISION AND JOURNAL ENTRY

Dated: September 25, 2017

---

CARR, Judge.

**{¶1}** Plaintiff-Appellant Steven A. Bozsik appeals, pro se, from the judgment of the Lorain County Court of Common Pleas dismissing his complaint. We affirm in part, reverse in part, and remand this matter for further proceedings.

I.

**{¶2}** In May 2015, Bozsik, a vexatious litigator, was granted leave to file, and in June 2015 filed, a defamation action against Defendants-Appellees Timothy and Todd West (collectively "the Wests"), who are brothers. All parties to the litigation are prison inmates. Bozsik asserted in his complaint that, in October 2014, the Wests filed a statement with the Institutional Investigator at the Richland Correctional Institution alleging that Bozsik was extorting money from them through the Wests' mother. Bozsik was interviewed by the Institutional Investigator and denied the allegations but admitted to purchasing commissary for Todd West. Todd West later denied that he had inmates purchase commissary. Bozsik alleged

that the Wests were subsequently issued conduct reports. He further alleged that, because of the statements made against him, he was "placed in segregation for fifteen (15) days under disciplinary control and thirty (30) days under local control," resulting in lost pay and the issuance of a conduct report in his record. Additionally, Bozsik claimed he suffered "great pain and mental anguish[]" resulting in damages. Bozsik maintained that the statements were defamatory and were made with actual malice. He further asserted that the Wests knew that the statements that he was extorting money were false.

{¶3} The Wests, also appearing pro se, filed a joint answer. The last paragraph of the answer requested that the complaint be dismissed with prejudice. The attached certificate of service failed to indicate the manner of service and was not signed. A few weeks later, the trial court, noting that pleadings and motions of pro se litigants should be liberally construed, opted to "consider [the Wests'] request that the 'Court dismiss the Complaint against them with prejudice' as a motion to dismiss pursuant to Civ.R. 12(B)."

{¶4} Bozsik then filed a motion for default judgment against each of the brothers asserting that the Wests had failed to plead or appear. Bozsik pointed out that, even though the Wests filed a joint answer, the certificate of service was not endorsed and thus could not be considered by the trial court. Additionally, Bozsik alleged that Todd West's signature was a forgery. Neither of Bozsik's motions for default judgment contained a certificate of service.

{¶5} That same day, Bozsik also filed a motion to vacate or reconsider the trial court's decision which treated a portion of the Wests' answer as a motion to dismiss. Bozsik argued that the trial court could not consider the answer because the certificate of service was not endorsed and Bozsik was never served with the document. Bozsik requested that the trial court vacate its entry and strike the Wests' answer. The trial court summarily denied the motions.

**{¶6}** Bozsik then filed a memorandum in opposition to the joint motion to dismiss arguing that his complaint stated a cause of action for defamation against each brother. The trial court ultimately granted the motion to dismiss. In so doing, the trial court concluded that

> [Bozsik's] complaint alleges that[,] based upon the statements of Defendants West, Richland Correctional Institution investigated the claim that [Bozsik] was extorting money for them. Based upon the results of the investigation, the institution disciplined [Bozsik] by placing him in segregation for a period of time and by taking his state pay. Accepting these allegations in the complaint as true, the Court can only conclude that [Bozsik] would not have been disciplined without the investigator determining that the statements made by defendants West were true. Based upon the outcome of the internal investigation by Richland Correctional Institution, [Bozsik] can prove no set of facts showing that he is entitled to recovery.

**{¶7}** Bozsik filed leave to appeal, which was subsequently granted. Bozsik now raises four assignments of error for our review, which will be addressed out of sequence to facilitate our analysis.

II.

**ASSIGNMENT OF ERROR III**

THE TRIAL COURT ERRED AS A MATTER OF LAW, ABUSED ITS DISCRETION OR COMMITTED PREJUDICIAL ERROR WHEN IT DENIED BOZSIK'S MOTION TO STRIKE AND RECONSIDER THE ORDER THAT SUA SPONTE CONVERTED THE WEST BROTHERS['] JOINT ANSWER INTO A JOINT MOTION TO DISMISS.

**{¶8}** Bozsik argues in his third assignment of error that the trial court erred in denying his motion to strike or reconsider the order that sua sponte treated a portion of the Wests' answer as a motion to dismiss. Specifically, Bozsik argues that the trial court could not consider the Wests' answer because the certificate of service was not endorsed and it was never served upon him.

**{¶9}** Civ.R. 5(A), by its plain language, requires that "every order required by its terms to be served, every pleading subsequent to the original complaint * * *, every written motion

other than one which may be heard ex parte, and every written notice, appearance, demand, offer of judgment, and similar paper shall be served upon each of the parties." Civ.R. 5(A); *see also Pla v. Wivell*, 9th Dist. Summit No. 25814, 2011-Ohio-5637, ¶ 14. "The served document shall be accompanied by a completed proof of service which shall state the date and manner of service, specifically identify the division of Civ.R. 5(B)(2) by which the service was made, and be signed in accordance with Civ.R. 11. Documents filed with the court shall not be considered until proof of service is endorsed thereon or separately filed." Civ.R. 5(B)(4) (equivalent to former Civ.R. 5(B)(3), which was applicable at the time of the trial court proceedings). "This Court has recognized that the language of the Civil Rules regarding service of process is mandatory, and, even in the context of a pro se litigant, a trial court may not consider a [document] if the [document] failed to comply with the rules regarding service of process." *Pla* at ¶ 14; *see also Ohio Receivables, L.L.C. v. Rivera*, 197 Ohio App.3d 694, 2012-Ohio-216, ¶ 8; *First Resolution Invest. Corp. v. Salem*, 9th Dist. Summit No. 24049, 2008-Ohio-2527, ¶ 8.

{¶10} This Court, on more than one occasion, has cited and relied upon the logic of *Erie Ins. Co. v. Bell*, 4th Dist. Lawrence No. 01CA12, 2002-Ohio-6139. *See First Resolution Invest. Corp.* at ¶ 7-8; *Martin v. Wayne Cty. Natl. Bank Trust*, 9th Dist. Wayne No. 03CA0079, 2004-Ohio-4194, ¶ 15-16. In *Erie*, the defendant, acting pro se, filed a document that was construed as an answer but which did not contain a certificate of service. *See id* at ¶ 7. No proof of service was separately filed. *Id.* at ¶ 24. The plaintiffs filed a motion for default judgment asserting that the answer failed to comply with Civ.R. 5; the trial court denied the motion and the case proceeded to trial. *Id.* at ¶ 8-9. On appeal, the court of appeals concluded that, "because no certificate of service was ever filed with the trial court, it could not have properly considered [defendant's] answer[.]" *Id.* at ¶ 25.

{¶11} In the instant matter, the Wests' answer contained a page labeled as a certificate of service; however, that page was not signed and failed to list the manner of service. *See* Civ.R. 5(B)(4); former Civ.R. 5(B)(3). Further, nothing in the record reflects that a proof of service was separately filed. *See* Civ.R. 5(B)(4); former Civ.R. 5(B)(3). As this Court has held that the language of the Civil Rules regarding service is mandatory, the trial court erred in considering the answer. *See Pla* at ¶ 14; *see also Patel v. Lambrecht*, 4th Dist. Athens No. 13CA3, 2014-Ohio-2953, ¶ 22-23; *Harleman v. Harleman*, 2d Dist. Montgomery Nos. 24704, 24722, 2012-Ohio-205, ¶ 23 (noting that a court could not consider a document with a certificate of service that fails to state the date on which the filing was served). Consequently, the trial court also could not consider the answer as a motion to dismiss for similar reasons.

{¶12} Upon remand, the trial court can determine the appropriate remedy. *See* Civ.R. 11 (authorizing courts to strike documents that are not signed); Civ.R. 5(B)(4) and former Civ.R. 5(B)(3) ("Documents filed with the court shall not be considered *until* proof of service is endorsed thereon or separately filed.") (Emphasis added.); Civ.R. 4.6(B) (stating that "[t]he court within its discretion and upon such terms as are just, may at any time allow the amendment of any process or proof of service thereof, unless the amendment would cause material prejudice to the substantial rights of the party against whom the process was issued."); *Harleman* at ¶ 22.

{¶13} To the extent that Bozsik has argued that the trial court erred in considering the Wests' answer, we sustain his third assignment of error.

## ASSIGNMENT OF ERROR IV

THE TRIAL COURT ERRED AS A MATTER OF LAW, ABUSED ITS DISCRETION OR COMMITTED PREJUDICIAL ERROR WHEN IT GRANTED THE WEST BROTHERS['] JOINT MOTION TO DISMISS WHEN FACTS ARE AVAILABLE IN THE COMPLAINT THAT BUTTRESS BOZSIK IS ENTITLED TO THE RELIEF REQUESTED.

**{¶14}** Bozsik argues in his fourth assignment of error that the trial court erred in granting the Wests' motion to dismiss.

**{¶15}** In light of our conclusion above that the trial court could not consider the Wests' answer/motion to dismiss, we agree that the trial court erred in granting the motion to dismiss.

**{¶16}** Bozsik's fourth assignment of error is sustained solely on that basis.

## ASSIGNMENT OF ERROR I

THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED BOZSIK'S MOTION FOR DEFAULT JUDGMENT PURSUANT TO CIV.R. 55.

**{¶17}** Bozsik argues in his first assignment of error that the trial court erred in failing to grant his motions for default judgment because the trial court could not consider the answer filed by the Wests.

**{¶18}** We conclude that the trial court did not err in denying Bozsik's motions for default judgment as the record does not reflect that either motion included a certificate of service or a separately filed proof of service. *See* Civ.R. 5(B)(4); former Civ.R. 5(B)(3). Thus, the trial court could not consider the motions. *See Pla*, 2011-Ohio-5637, at ¶ 14. Further, we note that even though the trial court could not consider the Wests' answer/motion to dismiss as an answer or motion to dismiss, as discussed above, other districts have considered similar filings to constitute appearances for purposes of Civ.R. 55(A). *See CitiMortgage, Inc. v. Bumphus*, 197 Ohio App.3d 68, 2011-Ohio-4858, ¶ 34-36 (6th Dist.); *Plant Equip., Inc. v. Nationwide Control Serv., Inc.*, 155 Ohio App.3d 46, 2003-Ohio-5395, ¶ 8; *Hall v. Parcels of Land Encumbered with Delinquent Tax Liens¸* 10th Dist. Franklin No. 96APE11-1552, 1997 WL 328827, *1 (June 5, 1997) (holding "that Plaza did 'appear' through the filing of its answer, although the manner by which Plaza appeared rendered its answer technically defective[]"); *see also Discover Bank v.*

*Crocker*, 9th Dist. Wayne No. 15AP0021, 2016-Ohio-2759, ¶ 8-9 (noting that courts have construed the word appeared broadly and concluded  filing a notice of appearance was an appearance for purposes of Civ.R. 55(A)).  If the Wests were determined to have appeared in the action, the trial court could not grant default judgment absent sufficient notice and a hearing.  *See Regions Bank v. Sabatino*, 9th Dist. Summit No. 25907, 2012-Ohio-4254, ¶ 10.

**{¶19}**  In light of the foregoing, Bozsik has not demonstrated that the trial court erred in denying the motions for default judgment.  Bozsik's first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT ABUSED ITS DISCRETION, COMMITTING PREJUDICIAL ERROR, WHEN IT SUA SPONTE CONVERTED THE WEST BROTHERS['] JOINT ANSWER INTO A JOINT MOTION TO DISMISS.

**{¶20}**  Bozsik argues in his second assignment of error that the trial court erred in converting the Wests' answer into a motion to dismiss.

**{¶21}**  In light of our resolution of the foregoing assignments of error, this assignment of error has been rendered moot, and we decline to address it.  *See* App.R. 12(A)(1)(c).

III.

**{¶22}**  Bozsik's third and fourth assignments of error are sustained to the extent discussed above.  Bozsik's first assignment of error is overruled, and we decline to address his second assignment of error as it has been rendered moot.  The judgment of the Lorain County Court of Common Pleas is affirmed in part, reversed in part, and the matter is remanded for proceedings consistent with this opinion.

Judgment affirmed in part,
reversed in part,
and cause remanded.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

DONNA J. CARR
FOR THE COURT

SCHAFER, P. J.
TEODOSIO, J.
CONCUR.

APPEARANCES:

STEVEN A. BOZSIK, pro se, Appellant.

TIMOTHY WEST, pro se, Appellee.

TODD WEST, Pro se, Appellee.