The STATE of Ohio, Appellee,

v.

WILKINS, Appellant.

[Cite as *State v. Wilkins* (1998), 127 Ohio App.3d 306.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 16586.

Decided April 10, 1998.

*Mathias H. Heck, Jr.*, Montgomery County Prosecuting Attorney, and *Carley J. Ingram*, Assistant Prosecuting Attorney, for appellee

*Lawrence J. Greger*, for appellant.

GRADY, Judge.

Defendant, Danny S. Wilkins III, appeals from an order that granted the state's motion for summary judgment on Wilkins's petition for postconviction relief.

Wilkins was indicted on one count of kidnapping, in violation of R.C. 2905.01, on September 14, 1993. On April 11, 1994, Wilkins filed a motion to dismiss, seeking discharge pursuant to R.C. 2945.73 for violation of his speedy trial rights. Two days later, before the trial court ruled on his motion, Wilkins entered a plea of guilty to the kidnapping charge. He was sentenced to serve a term of imprisonment of from five to twenty-five years. Wilkins took no direct appeal from his conviction and sentence.

On September 17, 1996, Wilkins filed a petition for postconviction relief pursuant to R.C. 2953.21. As grounds, Wilkins alleged that his speedy trial rights had been violated. As a second ground for relief, Wilkins alleged that his trial counsel was constitutionally ineffective for failing to advise Wilkins that his guilty plea would waive his speedy trial claim as grounds for reversal of his conviction on appeal.

The state moved for summary judgment, arguing *inter alia* that Wilkins's petition was defective because it did not contain affidavits demonstrating substantive grounds for relief, as R.C. 2953.21(C) contemplates. Wilkins asked the court for additional time to obtain the necessary affidavits, claiming that the September 21, 1996 deadline imposed by S.B. No. 2 required him to file his petition before those affidavits were available to him. The state opposed that request.

On November 5, 1996, before the court ruled on his motion for additional time, and without leave of court, Wilkins filed an amended petition for postconviction relief, which set up the same grounds for relief. Two affidavits were filed with the amended petition. In one, Wilkins stated, *inter alia*:

"4) I was never informed by my counsel or the court that by entering a plea of guilty to the one count of kidnapping, I would be waiving my right to be freed for a violation of my statutory speedy trial rights or to claim that my attorney ineffectively assisted me at the trial court level.

"5) I believed that the motion to release me for a violation of my speedy trial rights, filed by my attorney, would be successful. I was never told that by entering the plea that I did my right to contest that issue was waived."

The other affidavit filed with the amended petition was by attorney Arvin Miller of the Montgomery County Public Defender's Office, who opined that Wilkins's speedy trial rights had been violated and that his trial attorney was constitutionally ineffective for allowing Wilkins to plead guilty absent a determination of his motion for discharge.

The state moved to strike Wilkins's amended petition, arguing that it was not timely filed in relation to the filing deadline established in S.B. No. 2, September 21, 1996.

The trial court did not expressly rule on the state's motion to strike. Instead, the court granted the motion for summary judgment that the state had filed initially in response to Wilkins's first petition. The court found that Wilkins's speedy trial violation claim was barred as grounds for postconviction relief by the doctrine of *res judicata*. With respect to Wilkins's ineffective-assistance-of-counsel claim, the court found that it was not supported by the necessary affidavits and that Wilkins had failed to demonstrate prejudice. Implicitly, the court granted the state's motion to strike the amended petition.

Wilkins filed a timely notice of appeal from the summary judgment. He now presents a single assignment of error, which states:

"The trial court committed reversible error in granting summary judgment for the state of Ohio based on the fact that defendant failed to attach affidavits in support of his petition where in fact affidavits were filed in the trial court and ignored."

■ Wilkins's assignment of error is limited to his ineffective-assistance-of-counsel claim, which is not barred as grounds for postconviction relief by reason of Wilkins's failure to file a direct appeal from his conviction. *State v. Cooperrider* (1983), 4 Ohio St.3d 226, 4 OBR 580, 448 N.E.2d 452.

■ R.C. 2953.21(E) requires the trial court to conduct a hearing on the grounds for relief alleged in the petition "[u]nless the petition and the files and the records of the case show the petitioner is not entitled to relief." When the ground for relief alleged is ineffective assistance of counsel, the defendant bears the initial burden to submit evidence demonstrating the lack of competent counsel and that the defense was prejudiced by counsel's ineffectiveness, and until the defendant has done so no evidentiary hearing is required. *State v. Pankey* (1981), 68 Ohio St.2d 58, 22 O.O.3d 262, 428 N.E.2d 413.

■ The petition that Wilkins filed on September 17, 1996 contained no affidavits or other evidentiary material demonstrating the ineffective assistance of counsel that Wilkins alleged in his petition. Therefore, the court was authorized to dismiss that petition without a hearing. *Id.*

■ Assuming, *arguendo*, that the two affidavits that were filed with Wilkins's amended petition contained evidence sufficient to require a hearing pursuant to R.C. 2953.21(E), did the trial err when it ignored that amended petition? We believe that it did.

■■ A proceeding on an R.C. 2953.21 petition for postconviction relief is a civil proceeding. *State v. Milanovich* (1975), 42 Ohio St.2d 46, 71 O.O.2d 26, 325 N.E.2d 540. Because the proceeding is statutory, the Rules of Civil Procedure apply unless by their nature they would clearly be inapplicable. Civ.R. 1(C).

Civ.R. 15(A) states, *inter alia:*

"A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within twenty-eight days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party. Leave of court shall be freely given when justice so requires."

■ Civ.R. 15(A) thus provides that a party may amend a pleading one time as a matter of right. Until a *responsive* pleading is filed, that right is absolute. *Newton v. Jones* (1984), 13 Ohio App.3d 449, 13 OBR 539, 469 N.E.2d 962.

■ Civ.R. 7 distinguishes a *pleading* from a *motion.* "Under Civ.R. 7(A), only complaints, answers and replies constitute pleadings." *State ex rel. Hanson*

*v. Guernsey Cty. Commrs.* (1992), 65 Ohio St.3d 545, 549, 605 N.E.2d 378, 382. Therefore, a Civ.R. 12(B)(6) motion to dismiss is not a responsive pleading for purposes of Civ.R. 15(A). *Id.; Steiner v. Steiner* (1993), 85 Ohio App.3d 513, 620 N.E.2d 152. On that same logic, neither is a motion for summary judgment, which, pursuant to Civ.R. 7(B), is a *motion,* not a *pleading.*

Civ.R. 56(B) nevertheless permits a defendant to move for a summary judgment in his favor "at any time." "Thus, the motion may be served before a responsive pleading is filed." Klein & Darling, Baldwin's Ohio Practice (1997) 554, Section 56–7. However, mere *service* of the motion does not operate to cut off a plaintiff's absolute right to amend pursuant to Civ.R. 15(A).

R.C. 2953.21(D) requires the prosecuting attorney to "respond by answer or motion" within ten days after the petition is docketed. Motions for summary judgment are not expressly excepted from the classification of a motion the prosecutor must thus file. However, the section further provides that motions for summary judgment may be filed "[w]ithin twenty days after the issues are made up," acknowledging a difference between them and the other motions the prosecuting attorney must file within ten days, which presumably *make up* the issues.

R.C. 2953.21(F) permits the petitioner to amend "[a]t any time before the answer or motion is filed." If, as division (D) suggests, a motion for summary judgment is not a motion of that kind, it does not cut off a petitioner's right to amend his petition pursuant to R.C. 2953.21(F), as Wilkins did.

For the reasons stated above, we hold that a motion for summary judgment that the state files is not a responsive pleading that cuts off a petitioner's right to amend his petition pursuant to Civ.R. 15(A) and R.C. 2953.21(F). That is not to say that petitions may not be determined on the basis of summary judgment, for they may. *State v. Milanovich,* 42 Ohio St.2d 46, 71 O.O.2d 26, 325 N.E.2d 540. Petitions may also be determined on the basis of a Civ.R. 12(B)(6) motion that the state files, when that relief is appropriate. Furthermore, decisions may be rendered on either form of motion though the state has not filed an answer. Nevertheless, only an answer or other form of Civ.R. 7(A) *pleading* that the state files cuts off a petitioner's absolute right to amend his petition pursuant to Civ.R. 15(A), which is the limited issue involved here. Though a postconviction relief proceeding is statutory, Civ.R. 15(A) applies because it is not by its nature clearly inapplicable to the proceeding involved. Civ.R. 1(C).

The state argues that Wilkins was precluded from filing his amended petition after September 21, 1996, the last date on which his petition could be filed pursuant to the amendments to R.C. 2953.21 that S.B. No. 2 effected. We

do not agree. An amended complaint filed pursuant to Civ.R. 15(A) does not commence a new proceeding. For purposes of any statute of limitations, it is deemed to be filed as of the date the original complaint was filed. *In re Adoption of Salisbury* (1982), 5 Ohio App.3d 65, 5 OBR 161, 449 N.E.2d 519. In this instance, that was on September 17, 1996, prior to the limitation-of-action date.

We find that the trial court erred when it ignored the affidavits attached to Wilkins's amended complaint. Therefore, the assignment of error is sustained. The cause will be remanded to the trial court for further proceedings consistent with this opinion.

*Judgment accordingly.*

FREDERICK N. YOUNG, P.J., and WOLFF, J., concur.