DECISION
This is an appeal by plaintiff-appellant, Leo Victor Savage, from a judgment of the Franklin County Court of Common Pleas, sustaining a motion to dismiss filed by defendants-appellees City of Columbus ("city") and Columbus Police Officer A. Johnson ("Officer Johnson"), and sustaining a motion for judgment on the pleadings filed by defendants Travelers Property Casualty Insurance Company ("Travelers Property") and Melissa Laslavic.
On June 27, 2000, plaintiff filed a pro se complaint, naming as defendants the city, Officer Johnson, Nancy Godfrey, Travelers Property and Laslavic. Plaintiff's complaint alleged that, on March 15, 2000, defendant Godfrey "willfully, recklessly and negligently crashed her motor vehicle into a vehicle owned and driven by Plaintiff." Plaintiff further alleged that defendant Officer Johnson filed a false traffic crash report, and that the city "authorized, permitted, and tolerated the custom or practice of filing false Ohio Traffic Crash Report by Defendant Officer A. Johnson." Plaintiff sought com-pensatory damages in the amount of $100,000, and he also sought an award of punitive damages. Plaintiff asserted in his complaint that he was invoking the court's jurisdiction pursuant to state and federal law and "Title 42, United States Code 1983 and 1985."
On July 20, 2000, the city and Officer Johnson filed a motion to dismiss, pursuant to Civ.R. 12(B)(6), for failure to state a claim for relief. On July 31, 2000, plaintiff filed a "motion for preliminary hearing" regarding the motion to dismiss filed by the city and Officer Johnson. The city and Officer Johnson filed a memorandum contra plaintiff's "motion for preliminary hearing."
On August 4, 2000, defendants Travelers Property and Laslavic filed a motion for judgment on the pleadings, pursuant to Civ.R. 12(C). On August 14, 2000, plaintiff filed a motion for leave to file an "amended and supplemental complaint," seeking to add Dana Godfrey as a defendant in the action. On August 15, 2000, plaintiff filed a "motion for preliminary hearing" concerning the motion for judgment on the pleadings filed by defendants Travelers Property and Laslavic.
On August 28, 2000, plaintiff filed a motion for an order to compel discovery. On April 9, 2001, plaintiff filed a motion for summary judgment. Defendants Travelers Property, Dana Godfrey and Nancy Godfrey filed a memorandum in opposition to plaintiff's motion for summary judgment.
On September 25, 2000, the trial court filed a decision granting the motion to dismiss filed by the city and Officer Johnson and granting the motion for judgment on the pleadings filed by Travelers Property and Laslavic. The trial court also denied plaintiff's motions for "preliminary hearings" filed on July 31, 2000 and August 15, 2000, and granted in part and denied in part plaintiff's motion for leave to file an amended complaint. The decision of the trial court was journalized by judgment entry filed October 4, 2000.
On appeal, plaintiff sets forth the following five assignments of error for review:
 1. The Trial Court committed reversible error in granting Defendants, City of Columbus and Officer A. Johnson's Motion to Dismiss that was improper because Plaintiff's Section 1983 complaint alleged municipal liability based on the bare allegation that the individual officer's conduct conformed to official custom or practice of and by the City of Columbus.
 2. The Trial Court committed reversible error by its abuse of discretion in denying Plaintiff the right to file an Amended Complaint as a matter of right.
 3. The Trial Court committed reversible error by amending the case schedule without any notice to Plaintiff or the Defendants as mandated by the Local Rules of the Trial Court.
 4. The Trial Court committed reversible error by its rush to Judgment and not allowing discovery making this case horrendous and to prevent a further gross miscarriage of justice, Plaintiff should be allowed to have this Court consider issues that are raised in Assignment of Error #4, for the first time on appeal.
 5. The Trial Court committed reversible error by its abuse of discretion in denying Plaintiff's Motion for a Preliminary Hearing.
Under his first assignment of error, plaintiff asserts that the trial court erred in granting the motion to dismiss filed by the city and Officer Johnson. Plaintiff maintains that the allegations in his complaint alleged a valid cause of action under Section 1983, Title 42, U.S. Code ("Section 1983").
In Spalding v. Coulson (1995), 104 Ohio App.3d 62, 75-76, the court noted the standard of review for a motion to dismiss under Civ.R. 12(B)(6):
 *** [A] motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. *** It is well settled that "when a party files a motion to dismiss for failure to state a claim, all the factual allegations of the complaint must be taken as true and all reasonable inferences must be drawn in favor of the nonmoving party." *** While the factual allegations of the complaint are taken as true, "[u]nsupported conclusions of a complaint are not considered admitted *** and are not sufficient to withstand a motion to dismiss." *** In light of these guidelines, in order for a court to grant a motion to dismiss for failure to state a claim, it must appear "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." ***
In the present case, plaintiff's complaint alleged in pertinent part the following:
 *** Acting under color of law and authority of Defendant, City of Columbus, Defendant Officer A. Johnson, Badge #905, Columbus Police Department, intentionally, negligently and with complete and deliberate indifference for Plaintiff's constitutional rights including but not limited to those under the Fifth and Fourteenth Amendments Due Process Clause and the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution by filing a false Ohio Traffic Crash Report #8149 in violation of Ohio Revised Code 2921.13 dealing with Falsification. That report is false in facts by stating:
 1. Plaintiff's injuries were fatal when in fact Plaintiff is very much alive.
 2. The report reflects "no photo's were taken", the fact remains photo's of this accident were taken at the scene and shown to Officer A. Johnson the afternoon of the accident by Plaintiff. ***
 3. Defendant Godfrey was approximately two hundred feet away from Plaintiff, the day was clear and no other vehicle was between Plaintiff and Defendant Godfrey who deliberatively crashed into Plaintiff. This reckless endangerment by Defendant caused Plaintiff to sustain pain and suffering and a report that states Defendant Godfrey followed to [sic] closely does not abide in truth. ***
***
 Defendant, City of Columbus, under color of law, intentionally, negligently, and with complete and deliberate indifference for Plaintiff's rights, authorized, permitted, and tolerated the custom or practice of filing false Ohio Traffic Crash Report by Defendant Officer A. Johnson; by failing to:
 a. provide timely responses to auto crashes in Columbus, Ohio, appoint, promote, train, control the conduct of and supervise members of the City of Columbus Police Department who would enforce the laws in effect in Columbus, and who would protect the constitutional rights of the citizens of Columbus, Ohio;
 b. require the Chief of Police to promulgate procedures and policies to timely respond to auto crashes in the City of Columbus, promote, train, and control the conduct of Defendant police officer regarding the importance of making certain the Ohio Traffic Crash Report is accurate. ***
In Mankins v. Paxton (2001), 142 Ohio App.3d 1, 9, this court discussed the elements of an action under Section 1983, noting that:
 *** Section 1983 provides a remedy to persons whose federal rights have been violated by governmental officials. *** However, Section 1983 does not itself create any constitutional or substantive rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere. *** The elements of a Section 1983 claim are that the conduct in controversy must be committed by a person acting under color of state law, and the conduct must deprive the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States. ***
In the present case, the trial court, in granting defendants' motion to dismiss, relied upon Landrigan v. City of Warwick (C.A.1, 1980),628 F.2d 736, 744-745, for the proposition that "the mere filing of the false police reports, by themselves without more, [does] not create a right of action in damages under 42 U.S.C. § 1983." Other courts, in addressing similar fact patterns, have cited with approval the holding in Landrigan. See, e.g., Comfort v. Pittsfield (D.C.Me. 1996),924 F. Supp. 1219, 1230 ("the mere existence of falsified police reports do not in and of themselves violate any of Comfort's federal rights"); Bailey v. Tricolla (Sept. 12, 1995), E.D.N.Y. No. CV-94-4597, unreported, 1995 WL 548714 (plaintiff's allegation that police officers filed false police reports against him fails to present a cognizable Section 1983 claim). The foregoing law supports the trial court's determination that the filing of a false police report alone does not constitute the deprivation of a constitutional right under either a due process or equal protection analysis.
Assuming, arguendo, that the city and its agent were responsible for the filling of a false police report, "[s]uch action only constitutes a due process violation when the falsified reports lead to an unconstitutional deprivation of life, liberty or property." White v. Tamlyn (E.D.Mich. 1997), 961 F. Supp. 1047, 1056. In the present case, plaintiff's complaint fails to allege any deprivation of life, liberty or property as a result of the officer's actions, and thus the trial court's dismissal was proper on that basis alone. We note that plaintiff asserts for the first time in his appellate brief that the report containing false information forced plaintiff to "accept a low ball settlement" from the other driver's insurance company. However, as noted by defendants, plaintiff's complaint did not contain that allegation, and plaintiff failed to raise that issue before the trial court in the form of a response to defendants' motion to dismiss. Even assuming that such an allegation had been made, plaintiff's apparent dissatisfaction with an insurance settlement and his conclusory allegation that he was forced by the insurance company (a private actor) to accept a low ball settlement is insufficient to support a Section 1983 claim. Thus, we find that the trial court did not err in granting defendants' motion to dismiss.
Based upon the foregoing, plaintiff's first assignment of error is overruled.
Under his second assignment of error, plaintiff asserts that the trial court erred in denying him the right to file an amended complaint as a matter of right.
Civ.R. 15(A) states in pertinent part:
 A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within twenty-eight days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party. ***
Plaintiff argues that the record indicates that he filed his motion for leave to file an amended complaint on August 16, 2000, two days before defendant Godfrey filed a responsive pleading on August 18, 2000. Thus, plaintiff contends, he was entitled, as a matter of right, to amend his complaint.
In response, the city and Officer Johnson argue that their motion to dismiss, filed July 20, 2000, constituted the first responsive pleading filed in the case. We disagree with defendants' contention, because "a Civ.R. 12(B)(6) motion to dismiss is not a responsive pleading for purposes of Civ.R. 15(A)." State v. Wilkins (1998), 127 Ohio App.3d 306,311. See, also, State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs. (1992), 65 Ohio St.3d 545, 549.
However, the first responsive pleading filed in the case was the answer of defendants Nancy Godfrey, Travellers Property and Laslavic, filed July 28, 2000. In its decision, the trial court recognized that, "[e]ven if plaintiff were correct that a motion to dismiss would not affect his right to amend his complaint as a matter of course, defendants Travelers, Laslavic and Nancy Godfrey filed their answer before plaintiff even filed the Instructions for Service on Dana Godfrey." Here, because a responsive pleading had already been served, we disagree with plaintiff's contention that he was entitled to file an amended complaint as a matter of right.
We further note that, a review of the trial court's decision sustaining in part and denying in part plaintiff's motion for leave to amend his complaint indicates that the trial court considered the amended complaint and determined that "plaintiff's proposed amended complaint does not change this holding." Upon review of the amended complaint, we agree with the trial court's determination that the averments in the amended complaint were insufficient to raise a cognizable Section 1983 claim, and we find no abuse of discretion. Finally, we note that the trial court granted in part plaintiff's motion for leave to file an amended complaint to the extent that plaintiff was permitted to add Dana Godfrey as a party-defendant.
Plaintiff's second assignment of error is without merit and is overruled.
Under his third assignment of error, plaintiff argues that the trial court committed reversible error by amending the case scheduling order. More specifically, plaintiff contends that the trial court erred in ruling on defendants' motion to dismiss prior to the trial court's cut-off date for discovery on April 17, 2000, and prior to May 29, 2001, the latest date scheduled by the court for decisions on motions.
In response, defendants argue that the case scheduling dates noted above represent the final days upon which acts may be conducted, but do not preclude the court from actions prior to the dates set in the case scheduling order. We agree. Furthermore, the trial court granted judgment pursuant to Civ.R. 12(B)(6) without relying on matters outside the pleadings. Thus, "discovery is of no consequence until a motion to dismiss is ruled upon," and any discovery issues were therefore "rendered moot by the trial court's decision to grant [defendants'] motion to dismiss." Tinch v. Fedders (Feb. 12, 1996), Warren App. No. CA95- 10-095, unreported. See, also, Oliver v. Thomson Consumer Electronics, Inc. (Dec. 16, 1998), Lorain App. No. 97CA006948, unreported. ("Because motions for dismissal under Civ.R. 12(B)(6) are considered on the pleadings alone, `discovery would be of no consequence until disposition of [a] motion to dismiss.'")
Plaintiff's third assignment of error is without merit and is overruled.
Plaintiff's fourth assignment of error is difficult to follow. Plaintiff asserts in his statement of the assignment of error that the trial court "committed reversible error by its rush to Judgment and not allowing discovery," and that "Plaintiff should be allowed to have this Court consider issues that are raised in Assignment of Error #4, for the first time on appeal." We note that plaintiff's discussion of his assignment of error does not appear to raise a discovery issue; rather, plaintiff again reiterates his contention that the trial court erred in failing to permit him to amend his complaint as a matter of right, an issue we have previously addressed and rejected. Further, to the extent that this assignment of error may allege error in not allowing discovery as to defendants the city and Officer Johnson, we have previously found, under the third assignment of error, that plaintiff's argument as to discovery matters was rendered moot by the trial court's granting of defendants' motion to dismiss pursuant to Civ.R. 12(B)(6). To the extent that plaintiff seeks to have this court address issues for the first time on appeal, "[i]t is a long-standing rule of appellate procedure that no new issues can be raised in the appellate court that were not raised before the trial court." Mason v. Meyers (2000), 140 Ohio App.3d 474,477, citing LB Folding Co., Inc. v. Gergel-Kellem Corp. (1994),94 Ohio App.3d 511.
Plaintiff's fourth assignment of error is overruled.
Under his fifth assignment of error, plaintiff contends that the trial court erred in denying his "Motion for a Preliminary Hearing." Plaintiff argues that the trial court, in denying his motion for a preliminary hearing, precluded him from developing evidentiary facts. In this assignment of error, plaintiff appears to contend that Civ.R. 12(D), pertaining to preliminary hearings, requires that the court conduct an oral hearing. We disagree.
In McKinley Machinery, Inc. v. Acme Corrugated Box Co., Inc. (July 12, 2000), Lorain App. No. 98CA007160, unreported, at f.n. 1, the court noted that "Civ.R. 12(D) does not mandate that the trial court hold an oral hearing." See, also, Rutledge v. Ohio Dept. of Rehab. Corr. (Mar. 3, 2000), Trumbull App. No. 98-T-0191, unreported (trial court did not abuse its discretion in failing to conduct an evidentiary hearing prior to granting motion to dismiss under Civ.R. 12(B)(6); as factual findings are not required, a court need not conduct evidentiary hearing to determine the merits of such a motion). As previously noted, in ruling on a motion to dismiss pursuant to Civ.R. 12(B)(6), the trial court is confined to the allegations in the pleading. In the present case, the trial court held that the requirements of Civ.R. 12(D) are met by a nonoral hearing. We find no error by the trial court as motions may be decided wholly on papers, and the dismissal of a complaint without an oral hearing does not violate due process. Greene v. WCI Holdings Corp. (C.A.2 1998),136 F.3d 313, 315-316.
Plaintiff's fifth assignment of error is overruled.
Based upon the foregoing, plaintiff's first, second, third, fourth and fifth assignments of error are overruled and the judgment of the Franklin County Court of Common Pleas is hereby affirmed.
KENNEDY and BROWN, JJ., concur.