I respectfully dissent from the majority opinion. Unlike the majority, I believed the trial court had jurisdiction to rule on appellant's motions.[1] Although arguably a mere matter of semantics, I would find no error had the trial court overruled appellant's motion because the case was no longer pending. Such ruling would constitute an exercise of jurisdiction.
The majority presumes appellant's two motions were preliminary to the filing of a petition for post conviction relief pursuant to R.C. 2953.21
and bases its decision upon cases analyzing that statute. The majority first asserts, "Ohio law is clear that discovery is not available in the initial stages of a post conviction proceeding," citing State v. Byrd
(Aug. 21, 2001), Hamilton App. No. C-010379, unreported, as authority.[2]
Although I concede I have not done exhaustive research of this issue, my research did reveal a reported appellate case which held unless clearly inapplicable, the Civil Rules apply to a proceeding under R.C.2953.21.[3]
The majority notes this Court held in State v. Sherman[4] the extent of the trial court's jurisdiction [to grant requests for discovery] is set forth by R.C. 2953.21, and the power to conduct and compel discovery under the Civil Rules is not included within the trial court's statutorily defined authority. I did not participate in that decision, and I disagree with the conclusion R.C. 2953.21 sets forth the extent of the trial court's jurisdiction [to grant requests for discovery]. The statute neither specifically identifies the trial court's authority regarding discovery, nor specifically precludes discovery in proceedings under the statute.
It is agreed proceedings under R.C. 2953.21 are civil proceedings. Civ. R. 1(C) provides the Civil Rules apply in the exercise of civil jurisdiction except, ". . . to the extent that they would by their nature be clearly inapplicable . . ." in special statutory proceedings. The statute itself specifically recognizes the availability of a motion for summary judgment (Civ. R. 56) as a procedural mechanism to resolve the petition. I find conducting discovery under Title V of the Rules of Civil Procedure is not by its nature clearly inapplicable to proceedings under R.C. 2953.21.
Accordingly, I must respectfully dissent from the majority's blanket conclusion the trial court lacks jurisdiction to grant discovery motions filed postconviction.
[1] In its brief to this Court, appellee sets forth a number of potential arguments supporting denial of appellant's motions on the merits. Conspicuously, appellee cites no authority for the proposition the trial court lacked jurisdiction to rule on the merits of the motions.
[2] Majority Opinion at 3-4.
[3] State v. Wilkins (1998), 127 Ohio App.3d 306.
[4] State v. Sherman (Oct. 30, 2000), Licking App. No. 00CA39, unreported.