[Cite as *Pankey v. Mahoning Cty. Court of Common Pleas*, 2013-Ohio-1617.]
STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| BENJAMIN R. PANKEY | ) | CASE NO. 13 MA 27 |
| | ) | |
| RELATOR | ) | |
| | ) | |
| VS. | ) | OPINION AND |
| | ) | JUDGMENT ENTRY |
| MAHONING COUNTY COURT | ) | |
| OF COMMON PLEAS | ) | |
| | ) | |
| RESPONDENT | ) | |


CHARACTER OF PROCEEDINGS:          Motion for Writ of Procedendo

JUDGMENT:          Dismissed.

APPEARANCES:

For Relator:          Benjamin R. Pankey, Pro se
                              6476 Poplar Avenue
                              Hubbard, Ohio  44425


For Respondent:          Atty. Paul J. Gains
                                    Mahoning County Prosecutor
                                    Atty. Ralph M. Rivera
                                    Assistant Prosecuting Attorney
                                    21 West Boardman Street, 6th Floor
                                    Youngstown, Ohio  44503

JUDGES:

Hon. Cheryl L. Waite
Hon. Gene Donofrio
Hon. Joseph J. Vukovich

                                                        Dated:  April 18, 2013

PER CURIAM.

{¶1} Pro se Relator Benjamin R. Pankey has filed a motion for a writ of procedendo against Respondent Mahoning County Court of Common Pleas regarding a civil declaratory judgment action pending in the court of common pleas. The underlying declaratory judgment action appears to be an attempt to resolve matters relating to Relator's sexual offender status arising from his convictions for rape and armed robbery in 1973. Relator would like us to order the court of common pleas to immediately render final judgment in the declaratory judgment action. Respondent has filed an answer and a motion to dismiss. We hereby dismiss as frivolous Relator's request for a writ of procedendo.

{¶2} " 'The writ of *procedendo* is merely an order from a court of superior jurisdiction to one of inferior jurisdiction to proceed to judgment. It does not in any case attempt to control the inferior court as to what that judgment should be.' " *State ex rel. Hansen v. Reed*, 63 Ohio St.3d 597, 600, 589 N.E.2d 1324 (1992), quoting *State ex rel. Davey v. Owen*, 133 Ohio St. 96, 106, 12 N.E.2d 144 (1937). To be entitled to a writ of procedendo, "a relator must establish a clear legal right to require the court to proceed, a clear legal duty on the part of the court to proceed, and the lack of an adequate remedy in the ordinary course of law." *State ex rel. Miley v. Parrott*, 77 Ohio St.3d 64, 65, 671 N.E.2d 24 (1996). "[P]rocedendo is an extraordinary remedy which is to be exercised with caution and only when the right is clear. It should not be used in doubtful cases." *State ex rel. Porter v. Jensen*, 6th Dist. No. L-12-1281, 2012-Ohio-5556, ¶2.

{¶3} "A writ of procedendo is appropriate when a court has either refused to render a judgment or has unnecessarily delayed proceeding to judgment." *State ex*

*rel. Weiss v. Hoover*, 84 Ohio St.3d 530, 532, 705 N.E.2d 1227 (1999). Nevertheless, "neither procedendo nor mandamus will generally issue to compel a court to release its decisions promptly." *State ex rel. Nalls v. Russo*, 96 Ohio St.3d 410, 2002-Ohio-4907, 775 N.E.2d 522, ¶31.

{¶4} At the outset, we must point out that Relator has failed to properly initiate an action in procedendo. According to Civ.R. 3(A), a party must file a complaint and obtain service within one year in order to initiate a civil proceeding. Relator attempted to initiate this action by filing a motion, and a motion is not a complaint. The Ninth District Court of Appeals has held:

> For the purposes of Civ.R. 3(A), the filing of a motion cannot substitute for the filing of a complaint. The Second Appellate District Court has explained that "Civ.R. 7 distinguishes a *pleading* from a *motion*. 'Under Civ.R. 7(A), only complaints, answers and replies constitute pleadings.' " (Emphasis original.) *State v. Wilkins* (1998), 127 Ohio App.3d 306, 310, 712 N.E.2d 1255, dismissed (1999), 85 Ohio St.3d 1213, 709 N.E.2d 169, quoting *State ex rel. Hanson v. Guernsey Cnty. Comrs.* (1992), 65 Ohio St.3d 545, 549, 605 N.E.2d 378. A complaint is a pleading that need only contain a short and plain statement of the claim showing that the party is entitled to relief. Civ.R. 8(A)(1). Where as a "motion" is defined as an application to the court for an order. Civ.R. 7(B)(1). A motion is not a pleading. *State Edison Co. v. Oehler* (Oct. 4, 1995), 9th Dist. No. 17167, at 9, appeal not allowed (1996), 75 Ohio St.3d 1405. Thus, in the context of this case, a party cannot initiate an action by filing a motion. See Civ.R. 7(A) (stating that the only

pleadings allowed to be filed with the court are: a complaint, an answer, a reply to a counterclaim, an answer to a cross-claim, a third-party complaint, a third-party answer, or a court-ordered reply to an answer or third-party answer).

*Martin v. Wayne Cty. Natl. Bank Trust*, 9th Dist. No. 03CA0079, 2004-Ohio-4194, ¶12.

**{¶5}** Relator's failure to properly initiate a cause in procedendo is a sufficient reason to deny the requested writ.

**{¶6}** We also note that Relator has failed to name the appropriate respondent. He has generally named the Mahoning County Court of Common Pleas as the defendant, rather than the judge presiding over his declaratory judgment action. In another procedendo case involving Relator, he was informed that:

A court is not sui juris. "A court is defined to be a place in which justice is judicially administered. It is the exercise of judicial power, by the proper officer or officers, at a time and place appointed by law." *Todd v. United States* (1895), 158 U.S. 278, 284, 15 S.Ct. 889, 891, 39 L.Ed. 982. Absent express statutory authority, a court can neither sue nor be sued in its own right. *State ex rel. Cleveland Municipal Court v. Cleveland City Council* (1973), 34 Ohio St.2d 120, 296 N.E.2d 544. For this reason, the requested writ is also denied.

*Pankey v. Court of Common Pleas*, 5th Dist. No. 10CA19, 2010-Ohio-1212, ¶9.

**{¶7}** We agree with the Fifth District Court of Appeals that Relator's failure to name the appropriate defendant also provides sufficient grounds for dismissing the request for a writ of procedendo.

**{¶8}** Relator alleges that his declaratory judgment action was filed in April of 2012. Relator acknowledges that there was a hearing in the civil action as recently as December 20, 2012, and there was a prior hearing in October. He notes that he has been regularly filing motions since the December hearing, each of which the court must presumably act on before releasing any sort of final judgment in the case, thus causing further delay in the case. He cites no law or precedent, other than his own impatience, as to what constitutes undue delay in rendering a final judgment in a declaratory judgment action. Relator further notes, with some audacity, that he has recently filed a document in the declaratory judgment action captioned "A Motion in Procedendo would be a waste of the 7th District Court's time." We are in full agreement with Relator on this point. Relator is apparently aware that his request for a writ of procedendo is frivolous. We dismiss the motion for writ of procedendo for all the reasons cited above.

**{¶9}** Costs taxed to Relator. Final order. Clerk to serve notice as provided by the Civil Rules.

Waite, J., concurs.

Donofrio, J., concurs.

Vukovich, J., concurs.