[Cite as *State ex rel. Pankey v. D'Apolito*, 2013-Ohio-2873.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE ex rel., | ) | |
| BENJAMIN R. PANKEY, | ) | |
| | ) | CASE NO. 13 MA 73 |
| RELATOR, | ) | |
| | ) | |
| - VS - | ) | OPINION |
| | ) | AND |
| JUDGE LOU D'APOLITO, | ) | JUDGMENT ENTRY |
| MAHONING COUNTY | ) | |
| COURT OF COMMON PLEAS, | ) | |
| | ) | |
| RESPONDENT. | ) | |

CHARACTER OF PROCEEDINGS:    Complaint for Writ of Procedendo

JUDGMENT:    Dismissed.

APPEARANCES:

For Relator:    Benjamin R. Pankey, Pro-se
6476 Poplar Avenue
Hubbard, OH 44425

For Respondent:    Attorney Paul J. Gains
Mahoning County Prosecutor
Attorney Ralph Rivera
Assistant Prosecuting Attorney
21 West Boardman Street, 6th Floor
Youngstown, OH 44503

JUDGES:
Hon. Mary DeGenaro
Hon. Gene Donofrio
Hon. Cheryl L. Waite

Dated: June 17, 2013

[Cite as *State ex rel. Pankey v. D'Apolito*, 2013-Ohio-2873.]

PER CURIAM:

{¶1} This is pro-se Relator, Benjamin R. Pankey's second attempt to obtain a writ of procedendo. Pankey's first attempt resulted in this court's dismissal of said motion. *See Pankey v. Mahoning County Court of Common Pleas*, 2013-Ohio-1617.

{¶2} Pursuant to that opinion, Pankey has now complied with Civ.R. 3(A) by filing a 'complaint for a writ of procedendo' as opposed to his previously filed 'motion for a writ in procedendo.' Further, Pankey named Judge Lou D'Apolito, Mahoning County Court of Common Pleas as the Respondent as opposed to the previously named Mahoning County Court of Common Pleas.

{¶3} While Pankey has attempted to correct the noted procedural problems from his previous attempt to obtain a writ of procedendo, he apparently disregarded the following language from this court:

"Relator alleges that his declaratory judgment was filed in April of 2012. Relator acknowledges that there was a hearing in the civil action as recently as December 20, 2012, and there was a prior hearing in October. He notes that he has been regularly filing motions since the December hearing, each of which the court must presumably act on before releasing any sort of final judgment in the case, thus causing further delay in the case. He cites no law or precedent, other than his own impatience, as to what constitutes undue delay in rendering a final judgment in a declaratory action.

{¶4} Pankey has repeated this omission here. He has insufficiently plead facts warranting the relief sought, including but not limited to any facts demonstrating undue delay on the part of Respondent. Thus, Respondent's motion to dismiss pursuant to Civ.R. 12(B)(6) and 12 (C) is granted. Moreover, res judicata bars Pankey from instituting a successive writ action for the same relief. *State ex rel. Clutter v. Wiseman,* 127 Ohio St.3d 214, 2010-Ohio-4987, 938 N.E.2d 328 (2010).

{¶5} Respondent's motion to dismiss is granted and Pankey's writ of procedendo is dismissed.

**{¶6}** Costs taxed to Pankey. Final order. Clerk to serve notice on the parties as provided by the Ohio Rules of Civil Procedure.

DeGenaro, P.J.

Donofrio, J.

Waite, J.