[Cite as *State ex rel. Holder v. Deweese*, 2014-Ohio-2753.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | JUDGES: |
|---|---|---|
| STATE EX REL. LAWRENCE HOLDER | : | Hon. W. Scott Gwin, P.J. |
| | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| Petitioner-Relator | : | |
| | : | |
| -vs- | : | Case No. 14CA02 |
| | : | |
| JUDGE JAMES DEWEESE | : | |
| | : | O P I N I O N |
| Respondent-Defendant | | |


CHARACTER OF PROCEEDING:      Writ of Procedendo

JUDGMENT:                     Dismissed

DATE OF JUDGMENT ENTRY:       June 24, 2014

APPEARANCES:


JILL M. COCHRAN                        STATE EX REL. LAWRENCE HOLDER
Assistant Richland County Prosecutor   #386-038
38 South Park Street, 2nd Floor        Chillicothe Correctional Institution
Mansfield, OH 44902                    Box 5500
                                       Chillicothe, OH 45601

*Gwin, P.J.*

{¶1} Petitioner, Lawrence Holder, has filed a "Motion in Procedendo" requesting this Court order Respondent, Judge James DeWeese, to rule on a motion filed in the Richland County Court of Common Pleas. According to the Motion in Procedendo, Petitioner filed a "motion for relief" in the Richland County Court of Common Pleas on April 13, 2013 which remains pending.

{¶2} Respondent has filed a motion to dismiss arguing venue was transferred to the Huron County Court of Common Pleas, therefore, Respondent DeWeese of the Richland County Court of Common Pleas lacks authority to rule on the pending motion. In response, Relator argues Respondent DeWeese presided over the underlying cause in the Huron County Court of Common Pleas, therefore, he is the proper respondent.

{¶3} As an initial matter, we find Petitioner has failed to properly initiate an action in procedendo. Loc.R. 4(A) provides,

**RULE 4. ORIGINAL ACTIONS**

**(A)** **How Instituted.** Service in original actions shall be made and the action shall commence upon the filing of a complaint and proceed as a civil case under the Ohio Rules of Civil Procedure unless those rules are clearly inapplicable.

{¶4} Petitioner has not filed a complaint but instead has filed a motion.

{¶5} For this reason, Petitioner's failure to file anything other than a complaint fails to comply with Loc.R. 4 as well as Civ.R. 3(A).

{¶6} The Ninth District Court of Appeals has examined the difference between a motion and a complaint stating,

{¶7}  "For the purposes of Civ.R. 3(A), the filing of a motion cannot substitute for the filing of a complaint. The Second Appellate District Court has explained that "Civ.R. 7 distinguishes a *pleading* from a *motion.* 'Under Civ.R. 7(A), only complaints, answers and replies constitute pleadings.' " (Emphasis original.) *State v. Wilkins* (1998), 127 Ohio App.3d 306, 310, 712 N.E.2d 1255, dismissed (1999), 85 Ohio St.3d 1213, 709 N.E.2d 169, quoting *State ex rel. Hanson v. Guernsey Cnty. Comrs.* (1992), 65 Ohio St.3d 545, 549, 605 N.E.2d 378. A complaint is a pleading that need only contain a short and plain statement of the claim showing that the party is entitled to relief. Civ.R. 8(A)(1). Where as a "motion" is defined as an application to the court for an order. Civ.R. 7(B)(1). A motion is not a pleading. *State Edison Co. v. Oehler* (Oct. 4, 1995), 9th Dist. No. 17167, at 9, appeal not allowed (1996), 75 Ohio St.3d 1405. Thus, in the context of this case, a party cannot initiate an action by filing a motion. See Civ.R. 7(A) (stating that the only pleadings allowed to be filed with the court are: a complaint, an answer, a reply to a counterclaim, an answer to a cross-claim, a third-party complaint, a third-party answer, or a court-ordered reply to an answer or third-party answer)." *Martin v. Wayne County Nat. Bank Trust*,  2004 WL 1778822, 3 (Ohio App. 9 Dist.).

{¶8}  Petitioner's failure to properly initiate a cause in procedendo by filing a complaint is sufficient reason to deny the requested writ and dismiss this cause.  We will nonetheless address the merits of the action.

{¶9}  Petitioner was indicted by the Richland County grand jury on one county of aggravated murder and one count of aggravated robbery both with firearm specifications.  The indictment also included a death penalty specification.  Petitioner filed a motion for change of venue based upon the allegation that Petitioner could not

obtain a fair trial in Richland County. The motion was granted, and the cause was transferred to Huron County. Petitioner's conviction was entered in Huron County. All appellate proceedings were conducted in the Sixth District Court of Appeals which is the appellate district for Huron County.

{¶10} The jurisdiction of this Court is limited to the geographic territory assigned by statute. R.C. 2501.01 provides in relevant part, "The state shall be divided into twelve judicial court of appeals districts. The counties constituting the districts are as follows:

\* \* \*

(E) Fifth district: Morrow, Richland, Ashland, Knox, Licking, Fairfield, Perry, Morgan, Muskingum, Guernsey, Coshocton, Holmes, Stark, Tuscarawas, and Delaware;"

{¶11} It is not disputed that the underlying case was transferred to the Huron County Court of Common Pleas. Even if, as Petitioner argues, Respondent presided over the Huron County case, Respondent was acting in the jurisdiction of Huron County and not Richland County.

{¶12} The transferee court acquires complete jurisdiction over the case once the transfer has been made. *Rose v. Cochran*, 2nd Dist. Montgomery No. 25498, 2013-Ohio-3755, ¶ 2 and *State ex rel. Starner v. DeHoff*, 18 Ohio St. 3d 163, 165, 480 N.E.2d 449, 451 (1985).

{¶13} Because the cause was transferred to Huron County, Huron County acquired complete jurisdiction over the cause. Huron County is not within the jurisdiction of this Court, this Court lacks jurisdiction to order the Huron County Court or judges of the Huron County Court to act.

{¶14} For this reason, this cause is dismissed for lack of jurisdiction.


By Gwin, P.J.,

Delaney, J. and

Baldwin, J., concur