[Cite as *State v. Smith*, 2019-Ohio-4483.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 28127 |
| | : | |
| v. | : | Trial Court Case No. 2016-CR-487/2 |
| | : | |
| SHAWN D. SMITH, JR. | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 1st day of November, 2019.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by ANDREW T. FRENCH, Atty. Reg. No. 0069384, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, Dayton, Ohio 45422
     Attorney for Plaintiff-Appellee

CHARLES M. BLUE, Atty. Reg. No. 0074329, 401 East Stroop Road, Kettering, Ohio 45429
     Attorney for Defendant-Appellant

. . . . . . . . . . . . .

WELBAUM, P.J.

{¶ 1} Defendant-appellant, Shawn D. Smith, Jr., appeals from the judgment of the Montgomery County Court of Common Pleas dismissing his petition for post-conviction relief.   For the reasons outlined below, the judgment of the trial court will be affirmed.

## Facts and Course of Proceedings

{¶ 2} On March 16, 2017, a jury found Smith guilty of two counts of felony murder, six counts of felonious assault, one count of discharging a firearm on or near a prohibited premises, and several firearm specifications.   Following a bench trial, the trial court also found Smith guilty of having weapons while under disability.   After his conviction, Smith received an aggregate sentence of 37 years to life in prison for his offenses.   Smith then filed a direct appeal from his conviction.   On June 29, 2018, this court affirmed Smith's conviction in *State v. Smith*, 2d Dist. Montgomery No. 27585, 2018-Ohio-2567.

{¶ 3} On June 14, 2018, while Smith's direct appeal was pending, Smith filed a pro se petition for post-conviction relief.   In support of his petition, Smith alleged that the trial court's bailiff committed misconduct during deliberations by having a discussion with the jury about the jury instructions.   Specifically, Smith alleged that the bailiff told his trial counsel that the jurors had indicated they could not reach a verdict because the jury instructions were confusing.   According to Smith, the bailiff then told his trial counsel that she advised the jury that "the answers" were on a certain page of the jury instructions. Smith asserted that his trial counsel notified him about the bailiff's statements to the jury "days after" his trial.   Smith also alleged that certain blood evidence was not tested and that the trial court should have given a jury instruction pertaining to the lack of testing. Smith attached no supporting affidavits to his petition nor did he provide any evidence in

support of the claims raised therein.

{¶ 4} On August 24, 2018, a visiting judge who had been assigned to the case issued a judgment entry dismissing Smith's petition for post-conviction relief. In dismissing the petition, the visiting judge found that Smith had provided no evidence to support the alleged communication between the trial court's bailiff and the jury. The visiting judge also found that even if there were evidence of the alleged communication, Smith failed to provide the court with any evidence establishing that the communication prejudiced him. The visiting judge further found that any issue regarding the blood testing was a matter that should have been raised in Smith's direct appeal and was therefore barred by res judicata.

{¶ 5} Smith now appeals from the dismissal of his petition for post-conviction relief, raising one assignment of error for review.


**Assignment of Error**

{¶ 6} Under his sole assignment of error, Smith contends that the trial court erred in dismissing his petition for post-conviction relief without holding an evidentiary hearing. In support of this claim, Smith does not raise any argument with regard to the trial court's decision on the blood testing issue. Rather, Smith only argues that the allegation of misconduct by the bailiff in his petition constituted substantial grounds for relief that warranted an evidentiary hearing. We disagree.

{¶ 7} " '[A] criminal defendant seeking to challenge his conviction through a petition for post[-]conviction relief is not automatically entitled to a hearing.' " *State v. Clark*, 2017-Ohio-120, 80 N.E.3d 1251, ¶ 19 (2d Dist.), quoting *State v. Calhoun*, 86 Ohio St.3d

279, 282, 714 N.E.2d 905 (1999). Instead, the trial court must first determine whether there are substantive grounds for relief, i.e., "whether there are grounds to believe that 'there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States.' " *Calhoun* at 282-283, quoting R.C. 2952.21(A); R.C. 2953.21(D). *Accord State v. Stoermer*, 2d Dist. Clark No. 2019-CA-23, 2019-Ohio-3804, ¶ 16. "[N]o hearing is necessary, if the petition and its supporting evidentiary documents do not contain operative facts that would, if proven, establish a substantive ground for relief." *State v. Kuck*, 2d Dist. Darke No. 2017-CA-15, 2018-Ohio-3290, ¶ 6, citing *State v. Armstrong*, 56 Ohio App.3d 105, 108, 564 N.E.2d 1070 (8th Dist.1988). Therefore, in order to be entitled to a hearing, the petitioner bears the initial burden to provide evidentiary materials containing sufficient operative facts to demonstrate a claim of constitutional error. *State v. Wood*, 2d Dist. Clark No. 2018-CA-1, 2018-Ohio-3204, ¶ 23, citing *State v. Kapper*, 5 Ohio St.3d 36, 38-39, 448 N.E.2d 823 (1983).

{¶ 8} "Broad assertions of prejudice and general conclusory allegations * * * are an inadequate basis upon which to impose an evidentiary hearing." *State v. Padgett*, 2d Dist. Montgomery No. 17658, 1999 WL 1127398, *3 (Dec. 10, 1999), citing *Kapper* at 38 and *State v. Jackson*, 64 Ohio St.2d 107, 111, 413 N.E.2d 819 (1980). *Accord State v. Jordan*, 2d Dist. Montgomery No. 27208, 2017-Ohio-7342, ¶ 12 ("[b]road conclusory allegations are insufficient, as a matter of law, to require a hearing"). When a petition does not include any affidavits or other evidentiary materials supporting the claims in the petition, the trial court is authorized to dismiss the petition without a hearing. *State v. Wilkins*, 127 Ohio App.3d 306, 310, 712 N.E.2d 1255 (2d Dist.1998), citing *State v.*

*Pankey*, 68 Ohio St.2d 58, 59, 428 N.E.2d 413 (1981). *See also Kapper* at 39 and *Kuck* at ¶ 17-19.

{¶ 9} A trial court's decision granting or denying a petition for post-conviction relief should be upheld absent an abuse of discretion. *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 58. An abuse of discretion "most often involves an 'unreasonable' decision that is not supported by a sound reasoning process." *State v. Mackey*, 2018-Ohio-516, 106 N.E.3d 241, ¶ 8 (2d Dist.), citing *Gondor* at ¶ 58.

{¶ 10} In this case, the allegation of the bailiff's misconduct raised in Smith's petition for post-conviction relief is based on nothing more than Smith's broad, conclusory allegation that the bailiff had an improper conversation with the jurors about the jury instructions. Smith's petition does not include any affidavit or other evidence supporting the allegation. The allegation is not even based on Smith's own personal knowledge, as it is based on a double hearsay statement that Smith allegedly received from his trial counsel. Moreover, even if Smith had provided evidence of the bailiff's alleged communication with the jurors, Smith's petition does not set forth any operative facts establishing how he was prejudiced by the communication.

{¶ 11} For the foregoing reasons, the trial court reasonably concluded that Smith's petition for post-conviction relief failed to set forth sufficient operative facts demonstrating substantive grounds for relief. Therefore, the trial court did not abuse its discretion in dismissing Smith's petition without holding an evidentiary hearing.

{¶ 12} Smith's assignment of error is overruled.

**Conclusion**

{¶ 13} Having overruled Smith's sole assignment of error, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

DONOVAN, J. and TUCKER, J., concur.

Copies sent to:

Mathias H. Heck, Jr.
Andrew T. French
Charles M. Blue
Hon. Dale A. Crawford