[Cite as *State ex rel. Hubbard v. Bruzzese*, 2020-Ohio-238.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## JEFFERSON COUNTY

STATE EX REL. WILLIE HUBBARD,

Relator,

v.

JUDGE JOSEPH BRUZZESE, JR.,

Respondent.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 19 JE 0001**

---

Writ of Procedendo

**BEFORE:**
David A. D'Apolito, Cheryl L. Waite, Carol Ann Robb, Judges.

---

**JUDGMENT:**
Dismissed.

---

State ex rel. Willie Hubbard*, Pro Se,* #399-917, P.O. Box 57, Marion, Ohio 43301, Relator, and

*Atty. Jane M. Hanlin*, Jefferson County Prosecutor, Jefferson County Justice Center, 16001 State Route 7, Steubenville, Ohio 43952, for Respondent.

Dated: January 21, 2020

**PER CURIAM.**

{¶1} Relator Willie Hubbard, proceeding on his own behalf, has filed this original action for a writ of procedendo seeking to have this Court compel Respondent Joseph Bruzzese, Jr., rule on his motion for resentencing. Respondent has filed an answer, pointing out that the matter is now moot.

{¶2} As background, in 1997, Relator was involved in a gang shooting which resulted in the death of rival gang member. In 2001, following a jury trial, Relator was convicted of complicity to commit murder, attempted murder, felonious assault, and aggravated riot. The trial court sentenced Relator to an aggregate sentence of nineteen years to life imprisonment. On direct appeal, this Court affirmed Relator's conviction and sentence. *State v. Hubbard*, 150 Ohio App.3d 623, 2002-Ohio-6904, 782 N.E.2d 674 (7th Dist.).

{¶3} On June 11, 2018, Relator filed in the trial court a motion for resentencing. Approximately three and half months later and having received no response, Relator filed a motion for judgment on the pleading. Relator then filed the present original action in this Court seeking a writ of procedendo to compel Respondent to rule on his June 11, 2018 motion.

{¶4} Generally, a petitioner may file for a writ of mandamus or for a writ of procedendo to compel a court to rule on a pending motion. However, "procedendo is an extraordinary remedy which is to be exercised with caution and only when the right is clear. It should not be used in doubtful cases." (Citation omitted.) *Pankey v. Mahoning Cty. Court of Common Pleas*, 7th Dist. Mahoning No. 13 MA 27, 2013-Ohio-1617, ¶ 2. To be entitled to a writ of procedendo, "a relator must establish a clear legal right to require the court to proceed, a clear legal duty on the part of the court to proceed, and the lack of an adequate remedy in the ordinary course of law." *State ex rel. Miley v. Parrott,* 77 Ohio St.3d 64, 65, 671 N.E.2d 24 (1996).

{¶5} As counsel for Respondent correctly notes, this original action is now moot. In March 2019, Respondent set a hearing for Relator's motion, appointed him counsel,

and ordered his return from prison for the hearing. Following the hearing, the trial court filed a supplemental sentencing order.

**{¶6}** Since the trial court has held a hearing and ruled on Relator's June 11, 2018 motion for resentencing, this original action is now moot. "Neither procedendo nor mandamus will compel the performance of a duty that has already been performed." *Martin v. Judges of the Lucas Cty. Court of Common Pleas*, 50 Ohio St.3d 71, 72, 552 N.E.2d 906 (1990). As such, Relator's original action for writ of procedendo is hereby dismissed as moot.

**{¶7}** Final order. Clerk to service notice as provided by the Rules of Civil Procedure. Costs taxed to Relator.


**JUDGE DAVID A. D'APOLITO**

**JUDGE CHERYL L. WAITE**

**JUDGE CAROL ANN ROBB**