[Cite as *Discover Bank v. Crocker*, 2016-Ohio-2759.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | |

| | | |
|---|---|---|
| DISCOVER BANK | | C.A. No.     15AP0021 |
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| CURTIS L. CROCKER | | WAYNE COUNTY MUNICIPAL COURT COUNTY OF WAYNE, OHIO |
| Appellant | | CASE No.     CVF-13-05-0678 |

DECISION AND JOURNAL ENTRY

Dated: May 2, 2016

SCHAFER, Judge.

{¶1}  Defendant-Appellant, Curtis L. Crocker, appeals the order of the Wayne County Municipal Court denying his motion to set aside a judgment in favor of Plaintiff-Appellee, Discover Bank.  For the reasons set forth below, we reverse.

I.

{¶2}  On May 6, 2013, Discover Bank filed a lawsuit against Crocker in the Wayne County Municipal Court seeking to recover a credit card debt.  Discover Bank's complaint alleges that it extended a line of credit to Crocker, that Crocker made purchases using the credit card totaling $4,583.76, that it has provided Crocker with monthly statements as to the amount due and owing under the terms and conditions of the account, and that Crocker has not complied with the terms of the account and has failed to pay the balance due and owing.  Discover Bank attempted to serve Crocker with the summons and complaint via certified mail on multiple occasions, but these efforts proved futile.

**{¶3}** In September 2013, Crocker filed a notice of procedural defect informing the court that he was never served with a summons or complaint in this matter, but learned that he was being sued when a bankruptcy attorney contacted him as a potential client. Crocker nonetheless filed an answer denying Discover Bank's accusations. Crocker again raised the issue of whether he received proper service at a pretrial hearing on December 2, 2013. The parties agreed that Discover Bank would properly serve Crocker with a copy of the complaint and that Crocker would then file his answer and any counter-claim he may have within 28 days thereafter.

**{¶4}** Discover Bank was again unable to effectuate service on Crocker via certified mail. At Discover Bank's request, the clerk sent a summons and complaint to Crocker via ordinary mail. The ordinary mail was not returned and service was deemed complete. On April 3, 2014, Crocker filed a notice of appearance along with a motion for leave to plead. The trial court immediately denied Crocker's motion for leave to plead. Crocker never filed an answer to the complaint. As such, Discover Bank filed a motion for default judgment on May 16, 2014 and the trial court granted the motion the same day. Seven days later, Crocker filed a motion to set aside the default judgment pursuant to Civ.R. 55(A) and Civ.R. 60(B) and he again requested leave to file his answer and counterclaim. The trial court denied the motion to set aside in April 2015.

**{¶5}** Crocker filed this timely appeal, raising one assignment of error for this Court's review.

## II.

**{¶6}** At the outset, we note that Crocker appeared pro se in the trial court and on appeal. With respect to pro se litigants, this Court has noted:

> [P]ro se litigants should be granted reasonable leeway such that their motions and pleadings should be liberally construed so as to decide the issues on the merits, as opposed to technicalities. However, a pro se litigant is presumed to have knowledge of the law and correct legal procedures so that he remains subject to the same rules and procedures to which represented litigants are bound. He is not given greater rights than represented parties, and must bear the consequences of his mistakes. This Court, therefore, must hold [a pro se appellant] to the same standard as any represented party.

*State v. Taylor,* 9th Dist. Lorain No. 14CA 010549, 2014–Ohio–5738, ¶ 5, quoting *Sherlock v. Myers,* 9th Dist. Summit No. 22071, 2004–Ohio–5178, ¶ 3. With this in mind, we turn to Crocker's assignment of error.

### Assignment of Error

**The trial court erred in entering, on the same day Appelle [sic] Discover Card filed her motion for Default Judgment, a default judgment ex parte despite the Appellant, Curtis L. Crocker having filed a Notice of Appearance within twenty eight days of Service of Summons.**

{¶7} Although Crocker's assignment of error asserts that the trial court erred by granting Discover Card's motion for default judgment without first holding a hearing on the matter, his argument focuses on the trial court's denial of his motion to set aside the default judgment.

{¶8} "A default judgment is a judgment entered against a defendant who has failed to timely plead in response to an affirmative pleading." *Ohio Valley Radiology Assocs., Inc. v. Ohio Valley Hosp. Assn.*, 28 Ohio St.3d 118, 121 (1986). Civ.R. 55(A) provides, in pertinent part: "If the party against whom judgment by default is sought has appeared in the action, he (or, if appearing by representative, his representative) shall be served with written notice of the application for judgment at least seven days prior to the hearing on such application." If the defendant has not made an appearance, he is not entitled to seven days' notice before judgment may be entered. Civ.R. 55(A); *Windy Hills Hardwoods, Inc. v. Caravona*, 9th Dist. Summit No.

21700, 2004-Ohio-1589, ¶ 8. Courts have generally construed the term "appeared" in Civ.R. 55(A) broadly. *See R. Kids v. Pitman*, 10th Dist. Franklin No. 89AP-1106, 1990 WL 34760, * 4 (Mar. 29, 1990), citing *BancOhio Natl. Bank v. Mager*, 47 Ohio App.3d 97 (10th Dist.1988). The filing of a notice of appearance has been found to be sufficient to have "appeared in the action," as used in Civ.R. 55(A). *Meglan, Meglan & Co., Ltd. v. Bostic*, 10th Dist. Franklin No. 05AP-831, 2006-Ohio-2270, ¶ 14 (collecting cases).

{¶9} Here, Crocker made an appearance in the action on April 3, 2014, when he filed his notice of appearance with the trial court. The filing of this notice of appearance was an "appearance" for purposes of Civ.R. 55(A). Therefore, Crocker was entitled to the seven-day notice required by Civ.R. 55(A). The failure of a trial court to hold a hearing prior to entering default judgment when a party has appeared in an action constitutes reversible error. *See Pickett v. Katz & Co. Salon*, 9th Dist. Summit No. 25851, 2011-Ohio-4396, ¶ 5. Thus, we conclude that the trial court erred by failing to set aside the default judgment.

{¶10} Accordingly, we sustain Crocker's assignment of error.

III.

{¶11} Having sustained Crocker's sole assignment of error, the judgment of the Wayne County Municipal Court is reversed and this matter is remanded for further proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Wayne County Municipal Court, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

_____
JULIE A. SCHAFER
FOR THE COURT

MOORE, P. J.
HENSAL, J.
CONCUR.

APPEARANCES:

CURTIS L. CROCKER, pro se, Appellant.

MEGAN URBAN, Attorney at Law, for Appellee.