[Cite as *Kahle v. Nethers*, 2026-Ohio-132.]

COURT OF APPEALS
PERRY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| LARRY KAHLE, | Case No. 25-CA-00003 |
| Plaintiff - Appellant | <u>Opinion And Judgment Entry</u> |
| -vs- | Appeal from the Municipal Court of Perry County, Ohio, Case No. CVG2200153 |
| DELORES NETHERS, | Judgment:  Remanded |
| Defendant – Appellee | Date of Judgment Entry: January 14, 2026 |

**BEFORE:** Andrew J. King; Robert G. Montgomery; Kevin W. Popham, Judges

**APPEARANCES:** STEPHEN D. BROWN, for Plaintiff-Appellant; WILLIAM CANTERBERRY, for Defendant-Appellee.

*Montgomery, J.*

## STATEMENT OF THE FACTS AND THE CASE

{¶1}   Larry Kahle (hereinafter "Appellant") is the owner of the premises located at 3070 Cooperrider Rd., N.W. in Glenford, OH.

{¶2}   Appellant rented the above-referenced property to Delores Nethers (hereinafter "Appellee").

{¶3}   Appellant filed a Complaint in Forcible Entry and Detainer for Past Due Rent, and Other Money Damages (hereinafter "Complaint") in the Perry County Municipal Court on April 22, 2022.

{¶4} The Complaint stated that Appellee was in default of the lease/rental agreement for non-payment of rent for April 2022.

{¶5} The Complaint further stated that Appellant served Appellee with a three day notice to leave the premises pursuant to R.C. 1923.04 on April 18, 2022, and that Appellee has failed to vacate.

{¶6} The trial court issued a magistrate's decision[1] that was adopted by the court through a Judgment Entry on May 24, 2022. Said Entry granted Appellant's Complaint and ordered Appellee to vacate the premises.

{¶7} Appellee filed Defendant's Objections to the Magistrate's Decision and a Motion to Stay Execution of Judgment on May 31, 2022.

{¶8} The trial court overruled Appellee's objections and adopted the May 24, 2022, Judgment Entry signed by Magistrate Whitney. *June 8, 2022, Judgment Entry*.

{¶9} Appellee then filed a Motion for Leave to File Answer and Counterclaim Instanter and an Answer and Counterclaim with the trial court on July 22, 2022. The trial court granted Appellee leave to file her documents through the trial court's July 29, 2022, Order.

{¶10} Appellant did not file any documents in response to Appellee's Counterclaim.

{¶11} Two years later, Appellee filed a Motion for Default Judgment on August 6, 2024. The certificate of service attached to Appellee's motion stated, "Petitioner's Notice of Appearance was served upon Respondent, via US Mail, postage prepaid, this 2nd day of April 2024 at: Larry Kahle, PO Box 148, Lithopolis, OH 43136."

---

[1] The document filed with the trial court was labeled Judgment Entry (1st Cause of F.E.D. and was treated by the trial court as a Magistrate's Decision).

**{¶12}** The trial court issued a Judgment Entry granting Appellee's Motion for Default Judgment on August 6, 2024.

**{¶13}** Said Entry stated, "[J]udgment in default is entered in favor [sic] Defendant Deloris Nethers on her Counterclaims filed July 22, 2022. This Court finds that Plaintiff Larry Kahle was properly served with the same and did not respond." The trial court's entry did not set a date for a hearing to determine appropriate damages.

**{¶14}** Six months later, Appellee filed a Motion to Set Judgment Amount on February 10, 2025. Appellee notified the court that it had served Appellant with a copy of her motion on February 4, 2025.

**{¶15}** On February 19, 2025, and without a hearing, the trial court issued an Entry Setting Judgment Amount that ordered "the Defendant recover on Defendant's Counterclaims the amount of $15,000.00, as to Plaintiff, with interest thereon as per statute, per annum from the date judgment, plus the costs of this action."

**{¶16}** Appellant filed a Notice of Appeal on March 18, 2025, appealing the trial court's February 19, 2025, Entry setting judgment amount on damages.

**{¶17}** Appellee filed a Motion to Dismiss Appellant's appeal on April 17, 2025, arguing it was not timely filed.

**{¶18}** This Court considered Appellee's motion and Appellant's response and found that Appellant's notice of appeal was timely filed.

**{¶19}** Counsel for Appellee filed an Application for Leave to Withdraw as Counsel on July 7, 2025. This Court granted counsel's request through its Judgment Entry filed on August 12, 2025.

**{¶20}** This Court notes that Appellee has failed to file an Appellee Brief.

**{¶21}** Appellant asserts four assignments of error:

**{¶22}** "I.   THE TRIAL COURT ERRED WHEN IT GRANTED DEFAULT JUDGMENT AGAINST APPELLANT KAHLE WITHOUT PROVIDING FOR THE REQUIRED SEVEN-DAY NOTICE PURSUANT TO OHIO CIVIL RULE 55(A). APPX. 6."

**{¶23}** "II.   THE TRIAL COURT ERRED IN FAILING TO HOLD AN EVIDENTIARY HEARING TO DETERMINE DAMAGES THAT ARE NOT LIQUIDATED AS REQUIRED UNDER CIVIL RULE 55(A)."

**{¶24}** "III.   THE TRIAL COURT ERRED WHEN IT GRANTED LEAVE TO APPELLEE NETHERS TO FILE HER (1) ANSWER AND COUNTERCLAIM *INSTANTER* AND HER (2) DEFAULT JUDGMENT AGAINST APPELLANT KAHLE WHEN THE CERTIFICAES [SIC] OF SERVICE ARE DEFECTIVE. APPX. 4."

**{¶25}** "IV.   THE TRIAL COURT ERRED BY ISSUING DEFAULT JUDGMENT DAMAGES AGAINST APPELLANT KAHLE WHEN APPELLANT KAHLE WAS NOT SERVED PURSUANT TO CIVIL RULE 5(A) WITH A FILING THAT INCLUDES ADDITIONAL DAMAGES."

## STANDARD OF REVIEW

**{¶26}** This Court will review the trial court's decision to grant default judgment under an abuse of discretion standard.

**{¶27}** "Abuse of Discretion" has been defined by the Ohio Supreme Court as "conduct that is unreasonable, arbitrary, or unconscionable. *Blakemore v Blakemore*, 5 Ohio St.3d 217, 219 (1983).

## ANALYSIS

**{¶28}** Appellant argues in his first assignment of error that the trial court erred when it granted default judgment against him without providing the required seven day notice pursuant to Civ.R. 55 (A). *Appellant Brief*, p. 4

**{¶29}** Appellant argues in his second assignment of error that the trial court erred when it failed to hold an evidentiary hearing as required under Civ.R. 55(A). *Appellant Brief*, p. 5.

**{¶30}** Appellant's first and second assignment of errors will be addressed together.

**{¶31}** "A default judgment is a judgment entered against a defendant who has failed to timely plead in response to an affirmative pleading." *Discover Bank v. Crocker*, 2016-Ohio-2759, at ¶ 8, citing *Ohio Valley Radiology Assocs., Inc. v. Ohio Valley Hosp. Assn.*, 28 Ohio St.3d 118, 121 (1986).

**{¶32}** Civ.R. 55(A) states, "If the party against whom judgment by default is sought has appeared in the action, he (or, if appearing by representative, his representative) shall be served with written notice of the application for judgment at least seven days prior to the hearing on such application."

**{¶33}** "An appearance is ordinarily made when a party comes into court by some overt act of that party that submits a presentation to the court." *Alliance Group, Inc. v. Rosenfield*, 115 Ohio App.3d 380, 390 (1st Dist. 1996).

**{¶34}** In the case sub judice, Appellant made an overt act when he filed his Complaint on April 22, 2022. Therefore, pursuant to Civ.R. 55(A), he was entitled to notice of the hearing.

**{¶35}** The certificate of service attached to Appellee's Motion for Default Judgment stated that "Petitioner's Notice of Appearance was served upon Respondent." *Defendant's Motion for Default Judgment*, p. 2.

**{¶36}** The certificate stated that a notice of appearance, not a motion, was served upon Appellant. Therefore, this Court finds that there is no evidence in the court record to show that Appellee's Motion for Default Judgment was properly served upon Appellant.

**{¶37}** Appellant argues in his second assignment of error that the trial court erred when it failed to hold an evidentiary hearing as required under Civ.R. 55(A). *Appellant Brief*, p. 5.

**{¶38}** As previously stated, Civ.R. 55 (A) requires that a party for whom default is sought shall be served with written notice of the application for judgment at least seven days prior to the hearing on the application. In the case sub judice, the trial court granted Appellee's Motion for Default Judgment, without a hearing, on the same day the motion was filed.

**{¶39}** Pursuant to Civ.R. 55(A), Appellant had entered an appearance in the action and the trial court was required to hold a hearing prior to entering a default judgment.

**{¶40}** "The failure of a trial court to hold a hearing prior to entering default judgment when a party has appeared in an action constitutes reversible error." *Discover Bank,* 2016-Ohio-2759, ¶ 9 (9th Dist.) citing *Pickett v. Katz & Co. Spalon*, 2011-Ohio-4396, at ¶ 5 (9th Dist.).

**{¶41}** The trial court erred by failing to provide Appellant with notice of the application for default seven days prior to hearing and committed reversible error by failing to hold a hearing prior to entering default judgment in favor of Appellee.

**{¶42}** Appellant's first and second assignments of error are well taken.

**{¶43}** Appellant's third assignment of error argues that the trial court erred when it granted Appellee's Motion for Leave to File Answer and Counterclaim Instanter on when the certificates of service are defective.

**{¶44}** Appellee's Motion for Leave was filed with the trial court on July 22, 2022. Her motion stated that she served Appellant via regular U.S. mail on June 29, 2022, approximately 20 days prior to filing her motion with the trial court.

**{¶45}** Civil Rule 5(D) states**, "**Any paper after the complaint that is required to be served shall be filed with the court within three days after service."

**{¶46}** The Supreme Court of Ohio has found, "[t]he Civil Rules are not just a technicality, and we may not ignore the plain language of a rule in order to assist a party who has failed to comply with a rule's specific requirements." *Laneve v. Atlas Recycling*, 119 Ohio St.3d 324, 329 (2008).

**{¶47}** Appellate courts throughout the state have recognized that the language of the Civil Rules regarding service of process is mandatory. The ninth district has held, "a trial court may not consider a motion if the motion failed to comply with the rules regarding service of process." *First Resolution Invest. Corp. v. Salem*, 2008-Ohio-2527, at ¶¶ 6-8 (9th Dist.).

**{¶48}** The fourth district has ruled, "Failure to file within the three-day period can result in the court striking the filing." *City of Marietta v. Verhovec,* 2020-Ohio-7020, p. 14 (4th Dist.), citing *Sovey v. Lending Group of Ohio*, 2005-Ohio-195, at ¶ 9 (8th Dist.).

**{¶49}** Service of Appellee's Motion for Leave to File Answer and Counterclaims Instanter upon Appellant did not comply with the Civil Rules. Appellee waited approximately 20 days after the date she served Appellant to file the document with the trial court. Therefore, the trial court should not have considered said motion and should have stricken it.

**{¶50}** The trial court abused its discretion in granting Appellee's Motion for Leave to File Answer and Counterclaims Instanter because it was not properly served upon Appellant.

**{¶51}** Appellee's service of her Motion for Default Judgment upon Appellant was also defective. As previously stated, the certificate of service attached to Appellee's default motion certified that she had served a notice of appearance, not a motion, four months prior to the filing of her default motion. Therefore, the trial court erred in granting Appellee's Motion for Default Judgment. This court finds Appellant's third assignment of error to be well taken.

**{¶52}** Appellant argues in his final assignment of error that the trial court erred by issuing default judgment damages against him when he was not served pursuant to Civil Rule 5(A). *Appellant Brief*, p. 7.

**{¶53}** Appellee filed a Motion to Set Judgment Amount on February 10, 2025.

**{¶54}** Appellee's Motion to Set Judgment Amount states, "Accordingly, the Defendant is now requesting a judgment in the amount of $15,000.00 be entered against

the Plaintiff on Defendant's counterclaims." The certificate of service stated that Appellee's motion was served upon Appellant by regular U.S. mail on the 4th of February 2025.

**{¶55}** Appellee's motion requested the maximum amount of damages with interest and she made a claim of emotional distress. The Affidavit of Delores Nethers attached to the Motion to Set Judgment Amount stated that Appellant's conduct caused her emotional distress and that the total sum of all her possessions exceeded $15,000.00.

**{¶56}** Appellant should have been given the opportunity to respond to Appellee's motion and the matter should have been set for hearing.

**{¶57}** The trial court issued an Entry Setting Judgment Amount on February 19, 2025, that stated, "Upon Defendant's Motion, and upon consideration of this Court's August 6, 2024, Default Judgment against Plaintiff ...."

**{¶58}** The Judgment Entry issued by the trial court on August 6, 2024, stated, "A oral/non-oral hearing shall be had on _____ to determine appropriate damages." No date for hearing was provided. The trial court then, without an oral or non-oral hearing, set a damage amount against Appellant.

**{¶59}** The trial court was required to hold a hearing prior to making a determination on damages if the damages are not liquidated. *Skiver v. Wilson*, 2018-Ohio-3795, ¶ 17 (8th Dist.), states, "[w]here the judgment is not liquidated or only partially liquidated, the court must hold a hearing on the damages."

**{¶60}** Liquidated damages are defined as those "that can be determined with exactness from the agreement between the parties or by arithmetical process or by the application of definite rules of law." *Id.*, at ¶ 16.

**{¶61}** In the case at hand, there is no exactness or agreement by the parties. Therefore, the trial court was required to hold a hearing prior to issuing its Entry Setting Judgment Amount on February 19, 2025.

**{¶62}** Appellant was not properly served with the Motion to Set Judgment Amount pursuant to Civ.R. 5 and the trial court failed to hold a default damages hearing.

**{¶63}** This Court finds Appellant's fourth assignment of error to be well taken.

## CONCLUSION

{¶64} It is the decision of this Court that the Judgment Entry filed in the Perry County Municipal Court on August 6, 2024, that granted Appellee Default Judgment against Appellant, be vacated. It is further ordered that the Entry Setting Judgment Amount filed in the Perry County Municipal Court on February 19, 2025, be vacated.

{¶65} For the reasons stated in our accompanying Opinion, this case is remanded to the Perry County Municipal Court for further proceedings consistent with this Opinion.

{¶66} Costs to be split evenly between the parties.

By: Montgomery, J.

King, P.J. and

Popham, J. concur.

_____

HON. ROBERT G. MONTGOMERY

_____

HON. ANDREW J. KING

_____

HON. KEVIN W. POPHAM

RGM/sms